John T. Stralen, Esq., SBN 171227
  Email: jstralen@justice4you.com
Joshua H. Watson, Esq., SBN 238058
  Email: jwatson@justice4you.com
CLAYEO C. ARNOLD, APC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

Attorneys for Plaintiff
DEBI MISHRA individually and
on behalf of those similarly situated

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBI MISHRA, individually and on behalf of all those similarly situated, <br><br>         Plaintiffs, <br><br>         vs. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, and DOES 1 through 10, inclusive, <br><br>         Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT DAMAGES AND INJUNCTION** <br><br> ***Jury Trial Demanded*** <br><br> 1. Failure to Pay Overtime Wages (FLSA) <br><br> 2. Failure to Pay Overtime Wages (Cal. Labor Code) <br><br> 3. Failure to Timely Pay Wages (Cal. Labor Code and Regulations) <br><br> 4. Failure to Provide Accurate Pay Stubs (Cal. Labor Code and Regulations) <br><br> 5. Violation of California Business and Professions Code 17200 (Unlawful Business Practices) <br><br> 6. Violation of California Business and Professions Code 17200 (Unfair Business Practices) <br><br> 7. Conversion (Common Law) |

1

COMPLAINT

Comes now Plaintiff DEBI MISHRA, individually and on behalf of all those similarly situated, who alleges and complains as follows on information and belief, and who prays for relief from the court:

## I. PARTIES

1. Plaintiff DEBI MISHRA was at all relevant times an adult employed by Defendants, DOES 1 to 10, and each of them as a computer analyst.  He performed work as specified by Defendants, DOES 1 to 10, and each of them at various locations as directed.

2. The paystub records for DEBI MISHRA identify his employer as "COGNIZANT TECHNOLOGY SOLUTIONS" located at 500 Glenpointe Centre West, Teaneck, NJ 07666.

3. COGNIZANT TECHNOLOGY SOLUTIONS is a multinational enterprise, and includes entities organized in the United States and India.  However, following diligent inquiry, Plaintiff is informed and believes that there is no entity with this specific name from Plaintiff DEBI MISHRA'S paystub.  Instead, this is a trade name for an enterprise of interrelated entities that include but are not necessarily limited to COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS, LLC, COGNIZANT TECHNOLOGY SOLUTIONS INDIA LIMITED CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS AMERICAS CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS DEVELOPMENT CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS HOLDINGS LLC, COGNIZANT TECHNOLOGY SOLUTIONS OVERSEAS CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS U.S.A. CORPORATION.

4. The enterprise is traded on the stock market as NASDAQ: CTSH, and is an S&P 500 company.  The enterprise's 10-Q filing with SEC on 8/3/2017 lists the enterprise's principal address as "Glenpointe Centre West, 500 Frank W. Burr Blvd., Teaneck, New Jersey."  The enterprise's SEC filings list the precise entity name being traded as "COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION."

5.   COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION arranged for approval of a block of H1B visas for employees, including Plaintiff DEBI MISHRA.

6.   Defendant COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION is a corporation organized under the laws of Delaware, with locations in New Jersey, Texas, and California, among other places.  This Defendant is registered as California Corporate Number C2034263, and indicates in its Statement of Information to the California Secretary of State that it is engaged in the business of "computer consulting services." This Defendant indicated to the California Secretary of State in 2016 that its address was 500 Frank W. Burr Boulevard, Teaneck, NJ 07666.  In 2017, it changed its address with the California Secretary of State to 211 Quality Circle, College Station, TX 77845.  This change of address corresponds to a change in employer address in Plaintiff DEBI MISHRA'S historical pay stubs.  The former New Jersey address for this Defendant appears to be the same building as the address given for the employer on Plaintiff DEBI MISHRA'S paystub, as reflected in the Google Map below, which gives directions from the Glenpointe address above to the Frank W. Burr Blvd address above:



Fig. 1.  Google Map Directions from 500 Frank W Burr Blvd to 500 Glenpointe Centre West in Teaneck, NJ.

COMPLAINT

7. Defendant COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION U.S. CORPORATION is named as a defendant because it appears on the H1B visa application ("Labor Condition Application for Nonimmigrant Workers") filed with respect to Plaintiff DEBI MISHRA's position of employment, and it appears to be an entity responsible for paying DEBI MISHRA, based on reasonable inquiry.

8. Defendant COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION is named as a defendant because it is the head of the enterprise that employed Plaintiff DEBI MISHRA and those similarly situated, it gained benefit from the work of Plaintiff and class members, and it directed and ratified the acts and omissions complained of herein.

9. Plaintiff does not yet name other entities within the Cognizant Technology Solutions enterprise because Plaintiff is ignorant of any role or contribution such may have played in the wrongs alleged herein. Plaintiff reserves the right to name such entities at a later date as may be appropriate.

10. Defendants, DOES 1 to 10, and each of them at all relevant times operated and continue to operate an enterprise engaged in the business of providing IT services. The operations of Defendants, DOES 1 to 10, and each of them are fundamentally interwoven such that they operate as a single business. For instance, Plaintiff DEBI MISHRA's paystub and letterhead of internal correspondence from his work does not distinguish between any of the various entities making up the enterprise.

11. The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as DOES when such identities become known.

12. Based upon information and belief, Plaintiff alleges that at all times mentioned herein, each and every Defendant was acting as an agent and/or employee or joint venture of each of the other Defendants, and at all times mentioned was acting within the course and

4
COMPLAINT

scope of said agency and/or employment and/or joint venture with the full knowledge, permission, and consent of each of the other Defendants.  In of addition, each of the acts and/or omissions of each Defendant alleged herein were made known to, and ratified by, each of the other Defendants.

13. Defendants, DOES 1 to 10, and each of them were engaged in a common enterprise for which all have joint liability.  At all times relevant herein, Defendants, and each of them, maintained joint control and were in law and in fact "Joint Employers" of said Plaintiff and the proposed class and subclasses he seeks to represent.  At all times relevant herein, named Defendants retained and exercised the right to control the manner and means by which each of the other Defendants, DOES 1-10, and each of them had their employees accomplish assigned work, and controlled the work of all employees in the class, whether or not directly employed by Defendants.  This included but was not limited to direct control over hours worked, timing of shifts and breaks, record keeping, payroll administration, legal compliance, and all terms and conditions of employment and methods of completing assigned work.

## II. JURISDICTION AND VENUE

14. Subject matter jurisdiction exists via federal question because Plaintiff and those similarly situated allege violation of the U.S. Fair Labor Standards Act (29 USC § 201).

15. The acts and omissions giving rise to this litigation occurred in and affected named Plaintiff DEBI MISHRA in Sacramento County, California.

16. Defendants, DOES 1 to 10, and each of them operate in California with sufficient presence and scope to reasonably expect to be haled into court in California.  This is reflected by the fact that they employ persons in California, including at all relevant times Plaintiff DEBI MISHRA, and they do sufficient business in California so as to prompt them to register with the California Secretary of State.  This business includes but is not limited to providing IT support at multiple health care facilities in California.

17. The court has supplemental jurisdiction over the state law allegations in this complaint because they are factually related to the FLSA claims giving rise to the federal question

upon which subject matter jurisdiction is based.  (28 USC § 1367(a))

## **III. GENERAL FACTUAL ALLEGATIONS**

18. At all relevant times, Plaintiff and those similarly situated were employees of Defendants, DOES 1 to 10, and each of them, and were engaged in the occupation of computer analyst, computer programmer, computer technician, network technician, or other information technology role not properly classified as an exempt/salaried position.

19. Prior to approximately August 16, 2012, Plaintiff and those similarly situated were treated as exempt and were paid on a salary basis.  Thereafter, Plaintiff and those similarly situated were made hourly employees.

20. Defendants, DOES 1 to 10, and each of them changed Plaintiff and those similarly situated from salaried exempt employees to hourly employees as alleged above due to an allegation that Defendants, DOES 1 to 10, and each of them had misclassified employees as exempt.  The allegation was meritorious.

21. Defendants, DOES 1 to 10, and each of them had a subjective intent to pay Plaintiff and those similarly situated as though they were salaried employees despite the fact that doing so was contrary to the law.  To accomplish this, Defendants, DOES 1 to 10, and each of them changed the compensation of Plaintiff and similarly situated employees on or around August 16, 2012 as follows:

   a. Employees had their base wages cut to well below the salaried amount that had been agreed upon at the time of their hire.  Employees also received a new, lower, title.  (e.g., Plaintiff was given the title of Testing Analyst.)

   b. Defendants, DOES 1 to 10, and each of them told Plaintiff and those similarly situated that they would now be eligible for overtime.  However, it was known by Defendants, DOES 1 to 10, and each of them that the affected employees would never earn the entire amount of the agreed-upon salary given the low base wage and the amount of expected overtime.

   c. Defendants, DOES 1 to 10, and each of them told Plaintiff and those similarly situated that they would make up for the gap between the old salary-based income

and the new hours-based income by use of a "True Up" payment which would vary from paycheck to paycheck such that each affected employee would always receive the same amount of income as he or she did before the change from salary to hourly income.  There was no connection between the amount of the True Up payment and hours worked.

d. Defendants, DOES 1 to 10, and each of them had a practice in fact of not requiring affected employees to track their overtime.  This practice arose from the fact that it was understood between affected employees and Defendants, DOES 1 to 10, and each of them, that the True Up payment was an artifice for evading wage and hour laws, and that the company was going to continue paying affected employees on a salaried basis.

e. Defendants, DOES 1 to 10, and each of them instructed Plaintiff and similarly situated employees to work on the weekends and after hours as needed to complete all work assignments, and were aware that the overall patterns of work by the affected employees did not change following their reclassification.

22. After this change from salaried to hourly status, as described above, Plaintiff and those similarly situated continued to work overtime, but they were not compensated any additional money for that overtime work.  Instead, Defendants, DOES 1 to 10, and each of them continued to pay them on a salaried basis, as discussed above.

23. The paystubs of Plaintiff and similarly situated employees did not correctly reflect the gross wages for work earned, the net wages earned, the total hours worked, the rate of compensation paid, the basis of compensation, or the identity of the legal entity that employed Plaintiff and similarly situated employees.

24. The nature of the work of Plaintiff DEBI MISHRA and class members is such that various computer activity logs exist which can be used to determine the hours worked despite the incorrect and unlawful maintenance of payroll records.  Such logs include but are not limited to account login records, system access records, email metadata, and network access logs.

COMPLAINT

25. Through the current date, and until relief is granted, Defendants, DOES 1 to 10, and each of them have failed to timely pay the overtime wages due to Plaintiff and similarly situated employees.

26. Through the current date, and until relief is granted, Defendants, DOES 1 to 10, and each of them have failed to timely pay the statutory wages due to Plaintiff and similarly situated employees on account of violations of the labor code alleged herein.

27. Through the current date, and until relief is granted, Defendants, DOES 1 to 10, and each of them have failed to timely pay the penalties due to governmental entities and/or Plaintiff and similarly situated employees on account of violations of the labor code alleged herein.

28. Plaintiff reserves the right to amend this lawsuit to include California PAGA claims pursuant to Cal. Labor Code §§ 2699, 2699.5 et seq. following any exhaustion of administrative remedies applicable to such claims.

## IV. CLASS ACTION ALLEGATIONS

29. Plaintiff DEBI MISHRA brings this matter as a class action, identifying the following class and subclass definitions:

   a. The National FLSA Class: The National FLSA Class in this matter consists of all current and past employees of named Defendants, DOES 1 to 10, and each of them, who: (1) were non-exempt under FSLA; (2) were paid or should have been paid on an hourly basis; (3) were provided with True Up payments as part of their compensation as an hourly employee; (4) worked overtime; (5) did not receive all overtime due; and (6) suffered such a wrong within the applicable FLSA statute of limitations measured from the filing of this lawsuit [three years before filing for the willful violation alleged herein per 29 USC §255(a); two years before filing if the violations are determined not to be willful (Ibid)].

   b. The National Common Law Class:  The National Common Law Class in this matter consists of all current and past employees of named Defendants, DOES 1 to 10, and each of them, who: (1) were non-exempt under FSLA; (2) were paid or

COMPLAINT

should have been paid on an hourly basis; (3) were provided with True Up payments as part of their compensation as an hourly employee; (4) worked overtime; (5) did not receive all overtime due; and (6) suffered such a wrong within the applicable statute of limitations for common law conversion, measured from the filing of this lawsuit.  In California, this is a three year limitations period. (Cal. Code of Civ. Proc. § 338(c).)  Further amendment may be necessary or appropriate to define subclasses in other states in the event class members in various states have varying common law statutes of limitation.

    c.  <u>The California Class:</u>  The California Subclass in this matter consists of all current and past employees of named Defendants, DOES 1 to 10, and each of them, who: (1) were so employed as non-exempt employees within California during some portion the subject time frame; (2) were paid or should have been paid on an hourly basis; (3) were provided with True Up payments as part of their compensation as an hourly employee; (4) worked overtime; (5) did not receive all overtime due; and (6) did not receive California statutory wages due on account of the failure to pay such overtime and appropriately note such on employees' check stubs and (7) suffered such a wrong within the applicable statute of limitations measured from the filing of this lawsuit [three years before filing for California Labor Code violations; three years before filing for conversion (Cal. Code of Civ. Proc. § 338(c), three years before filing for failure to pay wages and statutory wages per statute Cal. Code of Civ. Proc. § 338(a), four years before filing for equitable relief for violation of Unfair Competition Law pursuant to Cal. Bus. & Prof Code 17208].

30. Plaintiff reserves the right to amend the complaint to amend the class definition or define or alter sub-classes.

31. <u>Ascertainability:</u>  The class members may ascertained from the employment/payroll records and computer activity records as alleged above.  Such records are in the custody and control of Defendants, DOES 1 to 10, and each of them.  Such records will indicate

9
COMPLAINT

all persons who received True Up payments.  Other class membership criteria, such as working overtime, state where employed, etc., may be determined from the same records or by reasonable inquiry to and sworn responses from potential class members during the claims process.

32. <u>Numerosity:</u>  Plaintiff is informed and believes, and thereon alleges that approximately 1,000 employees fall within the proposed California Class, and that potentially over 10,000 employees fall within the proposed National Classes.  Given this number of potential class members, it is not practicable to join all plaintiffs to the litigation.

33. <u>Commonality:</u> Questions of law and fact of the class predominate over any individual concerns of class members.  Such common issues include but are not limited to:

    a. Establishing the legality of the True Up payment program as an unlawful evasion of FLSA overtime law;

    b. Establishing the legality of the True Up payment program as an unlawful evasion of California Labor Code overtime law;

    c. Establishing the use of the True Up payment program as mechanism to subject class members to conversion of wages under the applicable common law;

    d. Establishing whether the True Up payment program was an unlawful business practice with respect to California Bus. & Prof. Code § 17200;

    e. Establishing whether the True Up payment program was an unfair business practice with respect to California Bus. & Prof. Code § 17200;

    f. Determining the method of calculating damages for National class members pursuant to FLSA;

    g. Determining the method of calculating damages for California class members pursuant to California Labor Code, including statutory damages and unpaid wages;

    h. Determining the method of calculating damages for National and California class members pursuant to common law principles of conversion;

    i. Determining the equitable corrective remedies available for the California class

members;

34. <u>Typicality:</u>  The claims of the named Plaintiff are typical of the claims of the class members.  Plaintiff DEBI MISHRA and all class members sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law.  Specifically, all class members, like the class representatives in this Complaint, were denied payment of overtime wages required by FLSA and were subject to conversion of their earned overtime wages.  The California class members were also denied payment of California statutory wages arising from the failure to timely pay and report overtime.

35. <u>Adequacy:</u>  The named class representative has agreed to serve as a representative of all similarly situated employees to raise common claims.  Plaintiff DEBI MISHRA understands that as a class representative he will owe an obligation to work with competent counsel and take actions to promote, advance and prevail on the claims being made, not just individually, but for the collective group of employees as a whole. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has agreed to represent the proposed class and act in furtherance of the class interests.  Plaintiff is aggrieved in a similar manner as the class members, with the only variation being the amount of loss and damage suffered by individual employees as a result of Defendants' common, uniform and systematic practice. Counsel who represent Plaintiff are competent and experienced in wage and hour and class litigation, and are readily able to successfully prosecute this class action.

36. <u>Superiority:</u>  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over questions affecting only individual class members.  Each class member has been damaged and is entitled to recovery by reason Defendants' unlawful behavior.  A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system.  Plaintiff is unaware of any

difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### V. FIRST CAUSE OF ACTION: VIOLATION OF FLSA - OVERTIME

### BY PLAINTIFF AND THE NATIONAL CLASS AGAINST ALL DEFENDANTS, DOES 1 TO 10 AND EACH OF THEM

37. All prior paragraphs are incorporated by reference as though stated fully here.

38. Plaintiff and class members were at all relevant times non-exempt employees of Defendants. Each was entitled to payment of overtime wages for any overtime worked, pursuant to the Fair Labor Standards Act (29 USC 207). Plaintiff's work duties during the time period of 2012-2015 consisted of executing computer operations such as batch processing, along with operations support of pre-installed software. Plaintiff was not a computer systems analyst, programmer, or software engineer. Plaintiff's duties did not involve selection, creation, modification, documentation, design or similarly skilled work with computers; he was an operator.

39. Payment of overtime wages was due on the regular pay date or at the latest by the next regular pay date following performance of overtime work. (29 CFR 778.106.)

40. The regular rate of pay is not determined by agreement of the employer and employee, but is as a matter of law set as an actual fact based upon the amounts typically paid for the work performed. This renders the rate set by Defendants, DOES 1 to 10, and each of them irrelevant for the purposes of overtime determinations. (29 CFR 778.108.)

41. It is unlawful and void for an employer and employee to agree to set rates of pay in a manner designed to avoid overtime laws and regulation. (29 CFR 778.316, 778.317, 778.500 ["Since the term regular rate is defined to include all remuneration for employment … the overtime provisions of the act cannot be avoided by setting an artificially low hourly rate upon which overtime pay is to be based and making up the additional compensation due to employees by other means."])

42. It is unlawful to artificially label part of regular wages as a bonus. Defendants, DOES 1 to 10, and each of them acted in this unlawful fashion with respect to the use of True Up

payments as alleged herein.  (29 CFR 778.502 ["The term 'bonus' is properly applied to a sum which is paid as an addition to total wages usually because of extra effort of one kind or another, or as a reward for loyal service or as a gift. The term is improperly applied if it is used to designate a portion of regular wages which the employee is entitled to receive under his regular wage contract … The general rule may be stated that wherever the employee is guaranteed a fixed or determinable sum as his wages each week, no part of this sum is a true bonus and the rules for determining overtime due on bonuses do not apply."])

43. The regular rate of pay in this matter is the weekly amount paid, including True Up payments, divided by a 40 hour work week.  This is 1/12 of a class member's agreed upon annual salary rate prior to reclassification as discussed above.  (29 CFR 778.109; 29 CFR 778.207.)

44. Plaintiff and all or most class members have written contracts of employment as a consequence of their work visa applications and approval process.  These contracts include the amount of money the employee is to be paid as part of the employee's regular compensation.

45. The True Up payments paid by Defendants, DOES 1 to 10, and each of them to Plaintiff and class members are not bonuses.

46. The True Up payments paid by Defendants, DOES 1 to 10, and each of them to Plaintiff and class members are not discretionary payments.

47. The True Up payments paid by Defendants, DOES 1 to 10, and each of them to Plaintiff and class members are required to meet the compensation rate agreed to with respect to each such employee's work for Defendants, DOES 1 to 10, and each of them.

48. The True Up payments paid by Defendants, DOES 1 to 10, and each of them are part of the regular compensation of Plaintiff and class members.

49. At all times relevant, Defendants, DOES 1 to 10, and each of them employed and continues to employ "employee[s]" within the meaning of FLSA, 29 U.S.C. § 203. However, Defendants have willfully and intentionally engaged in a widespread pattern

and practice of violating the provisions of the FLSA by failing to pay Plaintiff and class members overtime wages as required by 29 U.S.C. § 207.

50. Therefore, at all times relevant, Defendants, DOES 1 to 10, and each of them operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Plaintiff and class members overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207 for work performed in excess of forty (40) hours per workweek to which they were and are entitled.

51. Pursuant to 29 CFR § 778.106, Defendants, DOES 1 to 10, and each of them are required to pay overtime compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends.  When the correct overtime compensation cannot be calculated until after the regular payday, then the FLSA requires that the overtime payment be made as soon after the regular payday as is practicable, but no later than the next pay day after the computation can be made.

52. As alleged herein, Defendants, DOES 1 to 10 and each of them did not pay Plaintiff and class members all overtime wages earned.  As a result, Defendants, DOES 1 to 10, and each of them have failed to comply with 29 U.S.C. § 207(a)(1) and 29 CFR § 778.106 in that they fails to timely pay overtime wages to Plaintiff and class members.

53. At all times relevant, Defendants have also operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207.

54. As a result of the unlawful acts of Defendants, DOES 1 to 10, and each of them, Plaintiff and class members are entitled to recovery in the amounts of their respective unpaid overtime wages, liquidated damages; prejudgment interest, any other appropriate damages, attorneys' fees and costs, and any other relief the Court deems just and proper pursuant to FLSA, 29 U.S.C. § 216(b).

//
//
//

COMPLAINT

## VI. SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA LABOR CODE - OVERTIME

### BY PLAINTIFF AND THE CALIFORNIA CLASS AGAINST ALL DEFENDANTS, DOES 1 TO 10 AND EACH OF THEM

55. All prior paragraphs are incorporated by reference as though stated fully here.

56. Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in 1 workday and any work in excess of 40 hours in any one workweek and any work on the seventh consecutive day shall be compensated at the rate of no less than one and one half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day, or in excess of 8 hours on the seventh consecutive day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  (Labor Code § 510 and IWC Wage Order No. 4-2001 ("Wage Order") § 3(A).)

57. Plaintiff and class members are not exempt from California overtime rules of IWC Wage Order No. 4-2001 because, among other things, they do not earn income in excess of the amount required for exemption of employees in the computer software field.  (IWC Wage Order 4-2001 § 1(A)(3)(h)(iv) [$41 per hour in 2001, subject to annual increase as specified in the regulation].)  Additionally, Plaintiff was not a systems analyst or similarly skilled professional, as pled above.

58. Plaintiff is informed and believes and based thereon alleges that during all times relevant to this action, many of Defendants' employees working as on site resident apartment managers, including Plaintiff, worked more than 8 hours per workday on some occasions, and/or more than 40 hours per workweek, and/or performed work on the seventh consecutive day of working in an amount to be proven at trial, but did not receive any overtime wages for overtime hours suffered or permitted to work.

59. Based on the misconduct alleged in this Complaint, Plaintiff and class members seek to recover unpaid overtime compensation, statutory wages, liquidated damages, interest, any other appropriate damages, reasonable attorneys' fees, and costs in an amount to be determined at trial.

## VII. THIRD CAUSE OF ACTION: FAILURE TO TIMELY PAY WAGES IN VIOLATION OF CALIFORNIA LABOR CODE § 204, 8 CCR §11040, AND RELATED STATUTES

### BY PLAINTIFF AND THE CALIFORNIA CLASS AGAINST ALL DEFENDANTS, DOES 1 TO 10, AND EACH OF THEM

60. All prior paragraphs are incorporated by reference as though stated fully here.

61. Pursuant to California Labor Code § 204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

62. Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

63. As pled herein, Plaintiff and class members have not been paid overtime wages.

64. Plaintiff and class members seek damages, interest, attorney fees, and costs in an amount to be determined at trial.

## VIII. FOURTH CAUSE OF ACTION: FAILURE TO PROVIDE ACCURATE PAY STUBS IN VIOLATION OF LABOR CODE § 226 AND RELATED STATUTES

### BY PLAINTIFF AND THE CALIFORNIA CLASS AGAINST ALL DEFENDANTS, DOES 1 TO 10, AND EACH OF THEM

65. All prior paragraphs are incorporated by reference as though stated fully here.

66. Defendants did not provide any accurate paystubs to Plaintiff or those similarly situated at any time during the relevant statute of limitations because: (1) they did not disclose the total hours worked; (2) they did not properly state gross or net income earned; (3) they did not state the actual identity and address of the employer; (4) they did not correctly state the hourly rates of regular or overtime pay.  As a result, each and every paystub within the applicable statute of limitations was in violation of Labor Code § 226(a), which sets forth the specific requirements for paystubs in California.

67. Plaintiff and class members are deemed to have suffered damage pursuant to California Labor Code § 226(e)(2)(B).

68. The failure of Defendants, DOES 1 to 10, and each of them to comply with Labor Code § 226's requirements regarding accurate pay stubs was knowing an intentional because, as pled herein, it reflected a deliberate and unlawful attempt to avoid payment of all wages due.

69. Plaintiff and California class members seek statutory damages pursuant to California Labor Code § 226(e)(1) of the greater of all actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which a violation occurred up to a maximum of $4,000 for each Plaintiff and class member, plus costs and attorney fees.

## IX. FIFTH CAUSE OF ACTION: UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200 (UNLAWFUL PRONG)
### BY ALL PLAINTIFF AND CALIFORNIA CLASS AGAINST DEFENDANTS, DOES 1 TO 10, AND EACH OF THEM

70. All prior paragraphs are incorporated by reference as though stated fully here.

71. The conduct by Defendants, DOES 1 to 10, and each of them, alleged herein was unlawful, including failing pay overtime, willfully using True Up payments as an artifice to lower or avoid overtime obligations, and failing to provide accurate paystubs.

72. Because of the scale of operations in California by Defendants, DOES 1 to 10, and each of them, this wrongful behavior affects a meaningful group of Californians.  Specifically, this wrongful behavior affected Plaintiff and class members by causing injury in fact including to nonpayment of wages, denial of labor code rights, and nondisclosure of hours worked and wages due.  Given that many or all of the class members, including Plaintiff, are immigrants on an H1B visa, the behavior is repugnant in that it: (a) targets a vulnerable population, and (b) violates the spirit of H1B visa rules by using manipulation of immigrants' labor rights to lower wages for that vulnerable group while also depressing wages and job opportunity for U.S. Citizens by negatively impacting the employment marketplace.

73. Plaintiff and those similarly situated seek equitable relief within the discretion of the

17

COMPLAINT

court, including but not limited to an order that Defendants, DOES 1 to 10, and each of them cease any variation of artifice designed to evade overtime payments to employees, that Defendants, DOES 1 to 10, and each of them be required to advise all employees of their rights to seek relief for such violation, that Defendants, DOES 1 to 10, and each of them conduct internal training to avoid repeat violations in the future, and to the degree appropriate that Defendants, DOES 1 to 10, and each of them be disgorged of the profit obtained by this unlawful behavior.

74. Due to the public benefit conferred by such relief, Plaintiff and those similarly situated seek attorney fees pursuant to Code of Civil Procedure § 1021.5.

## IX. SIXTH CAUSE OF ACTION: UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200 (UNFAIR PRONG)

### BY PLAINTIFF AND CALIFORNIA CLASS AGAINST DEFENDANTS, DOES 1 TO 10, AND EACH OF THEM

75. All prior paragraphs are incorporated by reference as though stated fully here.

76. The conduct by Defendants, DOES 1 to 10, and each of them, alleged herein was unfair in a manner tethered to regulatory and statutory obligations under FLSA, Cal. Labor Code, and IWC Wage Orders, including failing pay overtime, willfully using True Up payments as an artifice to lower or avoid overtime obligations, and failing to provide accurate paystubs.

77. Because of the scale of operations in California by Defendants, DOES 1 to 10, and each of them, this wrongful behavior affects a meaningful group of Californians.  Specifically, this wrongful behavior affected Plaintiff and class members by causing injury in fact including to nonpayment of wages, denial of labor code rights, and nondisclosure of hours worked and wages due.  Given that many or all of the class members, including Plaintiff, are immigrants on an H1B visa, the behavior is repugnant in that it: (a) targets a vulnerable population, and (b) violates the spirit of H1B visa rules by using manipulation of immigrants' labor rights to lower wages for that vulnerable group while also depressing wages and job opportunity for U.S. Citizens by negatively impacting the

employment marketplace.

78. Plaintiff and those similarly situated seek equitable relief within the discretion of the court, including but not limited to an order that Defendants, DOES 1 to 10, and each of them cease any variation of artifice designed to evade overtime payments to employees, that Defendants, DOES 1 to 10, and each of them be required to advise all employees of their rights to seek relief for such violation, that Defendants, DOES 1 to 10, and each of them conduct internal training to avoid repeat violations in the future, and to the degree appropriate that Defendants, DOES 1 to 10, and each of them be disgorged of the profit obtained by this unlawful behavior.

79. Due to the public benefit conferred by such relief, Plaintiff and those similarly situated seek attorney fees pursuant to Code of Civil Procedure § 1021.5.

## X. SEVENTH CAUSE OF ACTION: CONVERSION

### BY PLAINTIFF AND NATIONAL COMMON LAW CLASS AGAINST DEFENDANTS, DOES 1 TO 10, AND EACH OF THEM

80. All prior paragraphs are incorporated by reference as though stated fully here.

81. Plaintiff and class members had a right to all of the wages they earned in the course and scope of their employment with Defendants, DOES 1 to 10, and each of them.  This included but was not limited to their right to overtime wages.

82. Defendants, DOES 1 to 10, and each of them substantially interfered with Plaintiff's and the class members' property by knowingly and intentionally taking possession of it after it was earned, preventing Plaintiff and the class members from having access to their money, and refusing to turn over the money owed to Plaintiff and the class members.

83. Plaintiff and the class members did not consent to the foregoing.

84. As a direct and proximate result of the foregoing, Plaintiff and the class members sustained harm and attendant damages, including loss of income and loss of the use of such income (interest).

85. Plaintiff and the class members seek payment of the converted funds with interest as a remedy for this count.

86. The conduct of Defendants, DOES 1 to 10, and each of them was oppressive and malicious because, as alleged herein, it reflected a deliberate and knowing attempt to deny Plaintiff and the class members of their right to wages earned under the law, and sought to use an invalid an utterly unmeritorious legal framework (the True Up payments) to deprive affected employees of the fruits of their livelihood, all while targeting a discrete and insular vulnerable population.  In light of the nature of such conduct, Plaintiff and the class seek punitive/exemplary damages from Defendants for the tortious conduct alleged herein.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class members pray judgment against Defendants, DOES 1 to 10, and each of them, as hereinafter follows:

1. For damages (including overtime wages, statutory wages, statutory damages, actual damages, and any applicable penalties recoverable via private right of action) according to proof for counts 1, 2, 3, 4, 7;

2. For equitable relief (including disgorgement, restitution, and injunction) for counts 5, 6.

3. For punitive damages according to proof for count 7;

4. For attorneys' fees as permitted by statute for causes of action 1, 2, 3, 4, 5, 6;

5. For costs of suit as to all causes of action;

6. For such other and further relief as the court deems proper.

For the purposes of due process and default judgment, Plaintiff sets forth a prayer of not more than $30,000,000 (Thirty Million US Dollars) understanding this amount be arrived at purely for reservation of rights for these purposes and is subject to change, including increase, during litigation of this matter.  Such damages pled are exclusive of costs and attorneys' fees.

Dated: August 25, 2017                    CLAYEO C. ARNOLD, APC


                                   By:   /s/ Joshua H. Watson
                                         John T. Stralen
                                         Joshua H. Watson

COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff and the class demand jury trial for all counts and issues properly submitted to the jury.

Dated: August 25, 2017                    CLAYEO C. ARNOLD, APC


                              By:    /s/ Joshua H. Watson
                                     John T. Stralen
                                     Joshua H. Watson

21

COMPLAINT

Re: *Debi Mishra v. Cognizant Technology Solutions U.S. Corporation, et al.*

## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u> against my former employer Cognizant Technology Solutions U.S. Corporation, and any other related entities or affiliates (herein after collectively referred as "Defendants"), to recover unpaid wages, including an applicable unpaid overtime wages, minimum wages, statutory penalties, interest, and attorney's fees as applicable.

2. During my employment, which was within the past three years, there were occasions where I did not receive proper compensation for all of my hours worked.

3. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entities or affiliates.

Date __04/09/2017__                Signature _____
                                                Debi Mishra