JOHN T. STRALEN, SBN 171227
Email: jstralen@justice4you.com
JOSHUA H. WATSON, SBN 238058
Email: jwatson@justice4you.com
CLAYEO C. ARNOLD, APC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

*Attorneys for Plaintiff DEBI MISHRA individually,*
*and on behalf of those similarly situated*

LYNNE C. HERMLE (SBN 99779)          JULIE A. TOTTEN (SBN 166470)
lchermle@orrick.com                  jatotten@orrick.com
ORRICK, HERRINGTON &                 KATIE E. BRISCOE (SBN 287629)
SUTCLIFFE LLP                        kbriscoe@orrick.com
1000 Marsh Road                      ORRICK, HERRINGTON &
Menlo Park, CA 94025-1015            SUTCLIFFE LLP
Telephone: +1 650 614 7400           400 Capitol Mall, Suite 3000
Facsimile: +1 650 614 7401           Sacramento, CA 95814-4497
                                     Telephone: +1 916 447 9200
                                     Facsimile: +1 916 329 4900

*Attorneys for Defendants COGNIZANT TECHNOLOGY SOLUTIONS U.S.*
*CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DEBI MISHRA, individually and on behalf of all those similarly situated, <br><br> Real Party in Interest, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:17-cv-01785-TLN-EFB <br><br> **SETTLEMENT AGREEMENT AND STIPULATION** <br><br> Complaint Filed: August 25, 2017 <br> Case Assigned to: Judge Troy L. Nunley |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

       **IT IS HEREBY STIPULATED**, by and among Plaintiff Debi Mishra, individually and on behalf of others similarly situated ("Plaintiff"), and Defendants Cognizant Technology Solutions U.S. Corporation and Cognizant Technology Solutions (collectively, "Defendants") (together, "the Parties"), subject to the approval of the Court, that this class action is hereby compromised and settled pursuant to the terms and conditions set forth below in this Settlement Agreement and Stipulation:

                                    **DEFINITIONS**

       1.      "Action" shall mean the case entitled *Debi Mishra v. Cognizant Technology Solutions U.S. Corporation, Cognizant Technology Solutions Corporation*, (Case No. 2:17-cv-01785-TLN-EFB), commenced on August 25, 2017 and currently pending in the United States District Court for the Eastern District of California.

       2.      "Administration Costs" shall mean the actual and reasonable Settlement Administrator direct fees and costs charged by the Settlement Administrator, currently projected by the Parties not to exceed Thirty Thousand Dollars ($30,000.00).

       3.      "Agreement" and "Settlement Agreement" shall refer to this document.

       4.      "California Award" shall mean the 69.2% portion of the California Class Fund to be paid to California Settlement Class Members in consideration of their settlement, release, and relinquishment of the Released California Claims as of the Effective Date.

       5.      "California Class" and "California Class Members" shall mean all current and former employees of Defendants who were eligible to receive Tru Up payments while employed in California at any time during the California Class Period.

       6.      "California Class Fund" shall mean 97.2% of the Net Settlement Amount that will be allocated to the California Class and will be paid to California Settlement Class Members on a proportional basis as set forth in this Agreement.

       7.      "California Class Period" shall mean the period from August 25, 2013 through the date of Preliminary Approval.

       8.      "California Class Individual Workweeks" shall mean the number of workweeks worked by an individual for Defendants as a California Class Member during the portion of the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                          - 1 -                    SETTLEMENT AGREEMENT AND STIPULATION
                                                                  2:17-CV-01785-TLN-EFB

California Class Period up to May 21, 2016, exclusive of leaves of absence (if known), according to Defendants' records.

9.     "California Individual Settlement Payment" shall mean the proportional share of the California Class Fund each California Class Member is entitled to receive in accordance with the methodology set forth in this Agreement.

10.     "California Notice of Pendency of Class/Collective Action" or "California Notice" shall mean the notice provided to California Class Members substantially in the same form as **Exhibit 1**, attached hereto, which will notify California Class Members of:  i) the terms of the Settlement; ii) the automatic distribution of the California Individual Settlement Payment to Settlement Class Members; iii) how to receive payment electronically in lieu of receiving checks via U.S. Mail; iv) the amount of the California Individual Settlement Payment expected to be paid (including the California Award and the FLSA Award); v) how to dispute the number of workweeks upon which their California Individual Settlement Payments will be based; vi) the Released California and FLSA Claims; vii) the conditional certification of the California and FLSA Classes; viii) the Preliminary Approval of the Settlement; ix) the procedures for submitting a valid Exclusion Letter to opt out of the California Class; x) the procedures for objecting to the Settlement and appearing at the Final Approval Hearing; xi) the procedures for submitting a timely FLSA Claim Form to receive the FLSA Award, and xii) the date set for the Final Approval Hearing.  The California Notice will attach a copy of the FLSA Claim Form that may be submitted.

11.     "California Settlement Class" or "California Settlement Class Members" shall mean California Class Members who do not submit a timely Exclusion Letter.

12.     "Change of Address Form" shall mean the form to be included in the Notice Packet and distributed to the Class Members to allow them to notify the Settlement Administrator of a change of address for all communications, and the distribution of their California and FLSA Individual Settlement Payments.  The form will be substantially in the form attached hereto as **Exhibit 5**.

13.     "Class" shall mean the California and FLSA Classes.

14.     "Class Counsel" means Plaintiff's Counsel who seek to be appointed as counsel for

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                          - 2 -                    SETTLEMENT AGREEMENT AND STIPULATION
                                                                  2:17-CV-01785-TLN-EFB

1   the Class Members at the Preliminary Approval hearing.

2       15.    "Class Member" shall mean a member of the California and/or FLSA Classes.

3       16.    "Class Member List" means a complete list of all Class Members and their

4   associated data, which Defendants will in good faith compile from their records and provide to the

5   Settlement Administrator within  fifteen (15) business days after Preliminary Approval (as defined

6   below) of this Settlement.  The Class Member List shall include each Class Member's full name;

7   last known mailing address and telephone number; last known e-mail address (if available);

8   beginning and ending dates of employment; Social Security number; the number of California Class

9   Individual Workweeks that each individual worked; and the number of FLSA Class Member

10  Individual Workweeks that each individual worked.  The Class Member List is provided to the

11  Settlement Administrator solely for purposes of this Settlement, shall be treated as confidential,

12  shall not be shared by the Settlement Administrator, and must be returned and/or destroyed by the

13  Settlement Administrator upon the conclusion of the administration process.

14      17.    "Complaint" shall mean the complaint captioned *Debi Mishra v. Cognizant*

15  *Technology Solutions U.S. Corporation, Cognizant Technology Solutions Corporation*, *and DOES*

16  *1 through 10*, Case No. 2:17-cv-01785 –TLN-EFB, filed by Plaintiff in the United States District

17  Court for the Eastern District of California on or about August 25, 2017 alleging seven causes of

18  action: (1) Failure to Pay Overtime Wages (FLSA); (2) Failure to Pay Overtime Wages (Cal. Labor

19  Code); (3) Failure to Timely Pay Wages (Cal. Labor Code and Regulations); (4) Failure to Provide

20  Accurate Pay Stubs (Cal. Labor Code and Regulations); (5) Violation of California Business and

21  Professions Code 17200 (Unlawful Business Practices); (6) Violation of California Business and

22  Professions Code 17200 (Unfair Business Practices); and (7) Conversion (Common Law).

23      18.    "Court" shall mean the United States District Court for the Eastern District of

24  California.

25      19.    "Defendants" shall mean Defendants Cognizant Technology Solutions U.S.

26  Corporation and Cognizant Technology Solutions.

27      20.    "Defendants' Counsel" shall mean the law firm of Orrick, Herrington & Sutcliffe

28  LLP.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 3 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

21.     "Effective Date" of the Settlement means the date by which this Settlement is finally approved and the Settlement Order and Judgment entered by the Court becomes final.   The Settlement Order and Judgment "becomes final" upon the later of:  (i) the date of final affirmance on any appeal of the Settlement Order and Judgment, including any appeal of the Fee and Expense Award; (ii) the date of final dismissal of any appeal from the Settlement Order and Judgment or the final dismissal of any proceeding to review the Settlement Order and Judgment, including any appeal/review of the Fee and Expense Award; or (iii) if no appeal is filed, thirty-five (35) days following the Court's Settlement Order and Judgment.  Notwithstanding the Effective Date, this Settlement Agreement shall be immediately enforceable per its terms upon signature by the Parties.

22.     "Employee Taxes" shall mean the Settlement Class Members' share of all applicable federal, state, and local income and employment taxes arising out of the Settlement.

23.     "Employer's Taxes" shall mean the payroll taxes (FICA, FUTA, and all other federal, state, and local payroll tax obligations) Defendants are obligated to pay on their own behalf as an employer on the portion of the California Awards, FLSA Awards, and FLSA Individual Settlement Payments designated as wages, and which are included in the Maximum Settlement Amount and which will be paid in amounts to be determined by the Settlement Administrator.

24.     "Enhancement Payment" shall mean such award as the Court may authorize to be paid to the Plaintiff in recognition for his services in having served as the Class Representative, of an amount not to exceed Ten Thousand Dollars and no cents ($10,000.00), payable from the MSA in exchange for a full release of claims, known or unknown, against the Released Parties.

25.     "Exclusion Deadline" shall mean the date thirty (30) days after the date on which the Settlement Administrator first mails the California Notice Packet to the California Class Members.

26.     "Exclusion Letter" shall mean a letter submitted by a California Class Member to the Settlement Administrator and postmarked by the Exclusion Deadline that includes the California Class Member's name, signature, current address, telephone number, and the last four digits of the California Class Member's Social Security number.  The Exclusion Letter must contain the following statement or something similar:  "I request to be excluded from the California Class

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                              - 4 -                    SETTLEMENT AGREEMENT AND STIPULATION
                                                                       2:17-CV-01785-TLN-EFB

1  in the matter of *Mishra v. Cognizant Technology Solutions U.S. Corporation, et al.,* United States

2  District Court, Eastern District of California, Case No. 2:17-cv-01785 –TLN-EFB.

3  27.    "Fee and Expense Award" shall mean such award of attorneys' fees and actual

4  litigation costs and expenses as the Court may authorize to be paid to Plaintiff's Counsel for the

5  services they have rendered to the Plaintiff and the Class Members in the Action, agreed by the

6  Parties not to exceed twenty-five percent (25%) of the MSA as the Fee Award, in addition to

7  reasonable actual expenses, not to exceed $45,000.00, as the Expense Award

8  28.    "Final Approval" shall mean that the Settlement Order and Judgment has been

9  entered and the Court has made its final order awarding the Fee and Expense Award.

10  29.    "Final Approval Hearing" shall mean a hearing held before the Court to consider

11  Final Approval of the Settlement, whether and in what amount a Fee and Expense Award should

12  be awarded to Plaintiff's Counsel, whether and in what amount an Enhancement Payment should

13  be awarded to Plaintiff, and the merits of any objections to this Agreement and the Settlement set

14  forth herein or any of its terms.

15  30.    "First Amended Complaint" shall mean the complaint filed by Plaintiff on or about

16  January 31, 2018, alleging five causes of action:  (1) Failure to Pay Overtime Wages (FLSA);

17  (2) Failure to Pay Overtime Wages (Cal. Labor Code); (3) Failure to Timely Pay Wages (Cal. Labor

18  Code and Regulations); (4) Violation of California Business and Professions Code 17200

19  (Unlawful Business Practices); and (5) Violation of California Business and Professions Code

20  17200 (Unfair Business Practices).

21  31.    "FLSA Award" shall mean the 30.8% portion of the California Class Fund to be

22  paid to California Class Members who submit a timely FLSA Claim Form in consideration of their

23  settlement, release, and relinquishment of the Released FLSA Claims.

24  32.    "FLSA Claim Form" means a document substantially in the form attached hereto as

25  Exhibit 6, or an electronic form virtually identical to the Court-approved FLSA Claim Form and

26  which is to be accessible to FLSA Class Members online at a website to be determined and

27  identified in the Notice Packet, and which Class Members must complete and submit to the

28  Settlement Administrator (either by Mail or by online submission as set forth below) within sixty

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                                          - 5 -                              SETTLEMENT AGREEMENT AND STIPULATION
                                                                                                  2:17-CV-01785-TLN-EFB

(60) days from the initial mailing of the Notice Packet by the Settlement Administrator.

33.    "FLSA Class" or "FLSA Class Members" shall mean all current and former employees of Defendants who were eligible to receive Tru Up payments at any time during the FLSA Class Period.

34.    "FLSA Class Fund" shall mean the 2.8% of the Net Settlement Amount that will be paid to FLSA Class Members who are not California Class Members and who submit a timely FLSA Claim Form, and the amounts will be paid on a proportional basis in the manner set forth in this Agreement.

35.    "FLSA Class Period" shall mean the period from August 25, 2014 through the date of Preliminary Approval.

36.    "FLSA Class Member Individual Workweeks" shall mean the number of workweeks worked by an individual for Defendants as an FLSA Class Member during the portion of the FLSA Class Period up to May 21, 2016, exclusive of leaves of absence (if known), according to Defendants' records.

37.    "FLSA Class Member Opt-In Individual Workweeks" shall mean the number of workweeks worked by an individual for Defendants as an FLSA Class Member (who timely submitted an FLSA Claim Form) during the portion of the FLSA Class Period up to May 21, 2016, exclusive of leaves of absence (if known), according to Defendants' records.

38.    "FLSA Individual Settlement Payment" shall mean the proportional share of the FLSA Class Fund each FLSA Class Member who is not a California Class Member and who submits a timely FLSA Claim Form is entitled to receive in accordance with the methodology set forth in this Agreement.

39.    "FLSA Notice of Pendency of Class/Collective Action" or "FLSA Notice" shall mean the notice provided to members of the FLSA Class who worked for Defendants outside the State of California, substantially in the same form as **Exhibit 2**, attached hereto, which will notify FLSA Class Members of:  i) the terms of the Settlement; ii) the procedures for submitting a timely FLSA Claim Form to receive an FLSA Individual Settlement Payment; iii) how to receive payment electronically in lieu of receiving a check via U.S. Mail; iv) the amount of the FLSA Individual

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                          - 6 -                    SETTLEMENT AGREEMENT AND STIPULATION
                                                                  2:17-CV-01785-TLN-EFB

Settlement Payment expected to be paid; v) how to dispute the number of workweeks upon which their FLSA Individual Settlement Payment will be based; vi) the Released FLSA Claims; vii) the conditional certification of the FLSA Class; viii) the Preliminary Approval of the Settlement; and ix) the date set for the Final Approval Hearing.  The FLSA Notice will attach a copy of the FLSA Claim Form that may be submitted.

40.  "Maximum Settlement Amount" or "MSA" shall mean the total of Five Million Seven Hundred Twenty-Six Thousand Dollars and no cents ($5,726,000.00), which is the maximum amount Defendants may be required to pay under this Settlement.  The MSA has seven (7) components:  (1) the California Class Fund; (2) the FLSA Class Fund; (3) Fee and Expense Award; (4) Enhancement Payment to Plaintiff; (5) Administration Costs; (6) Employee Taxes; and (7) Employer's Taxes (in amounts to be determined by the Settlement Administrator).

41.  "Mediator" shall mean Hon. William Cahill (Ret.).

42.  "Net Settlement Amount" or "NSA" shall mean the funds remaining from the MSA following deductions of the Court-approved awards for the following items:  (1) the Administration Costs, (2) the Fee and Expense Award, (3) the Enhancement Payment to Plaintiff, and (4) Employer Taxes.  Of the Net Settlement Amount, 2.8% will be allocated to the FLSA Class Fund and 97.2% will be allocated to the California Class Fund.  Of the California Class Fund, 69.2% shall be allocated to the California Award, and 30.8% shall be allocated to the FLSA Award.  Each of these funds will be distributed to Settlement Class Members on a proportional basis as set forth in this Agreement.  No portion of the MSA or the NSA will revert to Defendants under any circumstances.

43.  "Notice Packet" shall mean the packet of documents distributed to Class Members as ordered by the Court that, for California Class Members includes (1) the California Notice and (2) the Change of Address Form, and (3) the FLSA Claim Form; and for FLSA Class Members includes (1) the FLSA Notice and (2) the Change of Address Form, and (3) the FLSA Claim Form.

44.  "Objection Deadline" shall mean the date thirty (30) days after the date on which the Settlement Administrator first mails the Notice Packet to the California Class.

45.  "Parties" shall collectively refer to Plaintiff and Defendants.

46.  "Plaintiff" shall mean Debi Mishra, the named plaintiff in the Action, who will seek

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 7 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

1    appointment as the Class Representative at the time of Preliminary Approval.

2          47.    "Plaintiff's Counsel" shall mean John T. Stralen and Joshua H. Watson of Clayeo

3    C. Arnold, APC, who will seek appointment as Class Counsel at the time of Preliminary Approval.

4          48.    "Preliminary Approval" shall mean that the Court has entered an order, in

5    substantially the same form as **Exhibit 3**, attached hereto, preliminarily approving the terms and

6    conditions of this Agreement, including the manner of providing notice to Class Members.

7    Plaintiff's Counsel will draft the Motion for Preliminary Approval, and supporting documents,

8    consistent with the terms of this Agreement.

9          49.    "Released California Claims" shall mean any and all claims under the wage and

10    hour laws and regulations of the state of California that were or could have been asserted based on

11    the conduct alleged in the First Amended Complaint or in any complaints in this action preceding

12    said First Amended Complaint, including, but not limited to, violation of all statutes mentioned in

13    the First Amended Complaint and corresponding provisions of the relevant California Wage Order

14    based on the conduct alleged in the First Amended Complaint or in any complaints in this action

15    preceding said First Amended Complaint, including but not limited to California Labor Code

16    sections 201-203, 204, 206, 210, 218.5, 218.6, 226, 226.3, 510, 558, 1174, 1194, 1198, and 2698,

17    et seq. (the Labor Code Private Attorneys General Act ["PAGA"]), and California Business and

18    Professions Code sections 17200, et seq., based on claims for: (1) overtime (including but not

19    limited to regular rate calculations); (2) minimum wage (3) meal periods; (4) rest breaks; (5) wage

20    statements; (6) final pay; (7) waiting time penalties; (8) restitution; (9) PAGA penalties; (10)

21    interest; (11) costs and attorneys' fees, costs and expenses; and (12) declaratory relief; and any and

22    all California state common law claims, based on the misconduct alleged in the First Amended

23    Complaint (or preceding complaints in this action) or those that could have been asserted based on

24    the conduct alleged, including but not limited to claims for fees and costs, conversion, liquidated

25    damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment, at

26    any time through Preliminary Approval.

27          50.    "Released FLSA Claims" shall mean any and all claims that were asserted in the

28    First Amended Complaint or that could have been asserted based on the conduct alleged in the First

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2          - 8 -          SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

Amended Complaint, or in any complaints in this action preceding said First Amended Complaint, for any of the following based on the conduct alleged in the First Amended Complaint or in any complaints in this action preceding the First Amended Complaint: non-payment of wages, minimum wages, overtime wages (including, but not limited to regular rate calculations), or any other wage-related or recordkeeping-related claims; liquidated damages; attorneys' fees, costs and expenses; pre- and post-judgment interest; or damages or relief of any kind arising from the allegation that Class Members were not properly compensated for all time worked on a daily, weekly, or monthly basis, including, but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (FLSA) and related regulations (including, but not limited to, 29 C.F.R. §§ 778.106, 778.108, 778.109, 778.207, 778.316, 778.317, 778.500, 778.502), and any other similar state or federal law, at any time through Preliminary Approval.

51.     "Releasees" means Defendants and all of their respective past, present, and future direct and indirect affiliates, parents, subsidiaries, predecessors, successors and assigns, and all of their respective past, present, and future partners, principals, officers, directors, employees, attorneys, insurers, representatives and agents, whether acting as agents or in individual capacities, and this Agreement shall inure to the benefit of and shall be binding and enforceable by all such entities and individuals.

52.     "Settlement" shall mean the terms and conditions set forth in this Agreement.

53.     "Settlement Administrator" shall mean ILYM Group, Inc., or such other entity which the Parties mutually agree shall serve as Settlement Administrator.

54.     "Settlement Class Members" and "Settlement Class" shall mean all members of the FLSA Class who submit a timely FLSA Claim form and California Settlement Class.

55.     "Settlement Order and Judgment" shall mean an order and judgment issued by the Court following the Final Approval Hearing, in substantially the form attached hereto as **Exhibit 4**, approving the Settlement and this Settlement Agreement as binding upon the Parties.

## RECITALS

56.     **Background of Matter**. On or about August 25, 2017, Plaintiff filed the Complaint. On September 7, and September 14, 2017, Defendants Cognizant Technology Solutions and

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                    - 9 -                    SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

Cognizant Technology Solutions Corporation were served with the Complaint. On November 3, 2017, Defendants moved to dismiss and strike Plaintiff's Complaint. In response to Defendants' Motion to Dismiss/Strike, Plaintiff agreed to file, and did file, the First Amended Complaint on January 31, 2018, and the Parties agreed to stay and mediate the Action.

57. **Mediation**. The Parties attended and participated in a private mediation before the Hon. William Cahill (Ret.) on May 29, 2018. Judge Cahill issued a mediator's proposal on May 30, 2018. On June 6, 2018, Plaintiff's Counsel, through Judge Cahill, conveyed a counteroffer to Defendants. Following negotiations of the Parties, on June 8, 2018, Plaintiff, through Judge Cahill, conveyed a second counteroffer to Defendants, which Defendants accepted that day and which resulted in the Settlement memorialized in this Agreement.

58. **Plaintiff's Claims**. Plaintiff claimed, and continues to claim, that his contentions have merit and give rise to Defendants' liability. Nothing in this Agreement, the documents referenced in this Agreement, nor any action taken to carry out this Agreement is, or may be construed as or may be used as, an admission by or against the Plaintiff as to the merits or lack thereof of the claims he asserted.

59. **Denial of Wrongdoing**. Defendants contend that: (1) all of the Class Members have been properly compensated for all time worked, including overtime, under applicable law; (2) Defendants provided all California Class Members, including Plaintiff, with timely pay as required by California law; (3) Defendants also provided California Class Members with accurate itemized wage statements; and Defendants did not engage in unfair or unlawful business practices in violation of California Business and Professions Code section 17200. Defendants have denied and continue to deny each of the claims and contentions alleged by Plaintiff in the Action. Defendants deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action and believe that they have valid defenses to Plaintiff's claims. Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, may be construed as, or may be used as, an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in this

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 10 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

1  or any other case.  In addition, nothing herein shall be deemed to waive any of Defendants'

2  objections and defenses to class certification or any other issue relating to or arising from the

3  allegations set forth in the First Amended Complaint.

4         60.    **Investigation, Discovery, and Research**.  The Parties represent that they conducted

5  significant investigation of the facts and law both before and after the Action was filed.  For

6  example, Defendants provided Plaintiff's personnel file, data reflecting Class Members' total daily

7  work hours recorded, Class Members' payroll data, as well as information regarding the total

8  number of Class Members, their work locations, Class Members' workweeks, and the number of

9  Class Members who resigned or were terminated in California.  Plaintiff spent numerous hours

10  analyzing this information.   In addition, Plaintiff's Counsel conducted their own investigation,

11  including retaining an expert witness to analyze the available data, interviewing potential class

12  members, collecting and reviewing relevant documents, and reviewing similar actions against

13  Defendants including public evidence from those actions.  Counsel for the Parties have further

14  investigated the applicable law as applied to the facts discovered regarding Plaintiff's claims, the

15  defenses thereto, and the damages claimed by Plaintiff.  Plaintiff provided Defendants with certain

16  documents relating to his employment, including annual compensation letters, wage statements,

17  and timesheets.

18         61.    **Plaintiff's Reasons for Settlement and Benefits to Class Members**.  Plaintiff,

19  through his counsel, considered the expense and length of continued proceedings necessary to

20  continue the Action against Defendants through trial and any possible appeals; the uncertainty and

21  risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation,

22  including those involved in seeking class certification pursuant to a contested motion; the burdens

23  of proof necessary to establish liability for the claims asserted in the Action, Defendants' defenses

24  thereto, and the difficulties in establishing damages; the settlement negotiations conducted by the

25  Parties and the recommendations of the Mediator, who is highly experienced in employment

26  litigation.  Based on the foregoing Plaintiff through his counsel determined that the Settlement set

27  forth in this Agreement is fair, adequate, and reasonable, and is in the best interest of the Class

28  Members.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 11 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

62.     **Defendants' Reasons for Settlement**.  Defendants' Counsel performed a thorough study of the law and facts relating to the claims asserted in the Action.  The Parties participated in a mediation session before the Hon. William Cahill (Ret.), a well-respected mediator with significant experience in wage-and-hour class actions.   Based upon their investigation and mediation efforts, and taking into account the contested issues, the expense and time necessary to pursue the Action through trial, the risks and costs of further defense of the Action, the uncertainties of complex litigation, the advice of Defendants' Counsel, and the substantial benefits to the Class Members and the state of California, Defendants concluded that a settlement with Plaintiff on the terms set forth herein is fair, reasonable, adequate and in the best interest of Defendants and the Class Members.

NOW THEREFORE, it is agreed by and between the undersigned that the Action be settled and compromised, conditioned upon approval by the Court and the other conditions set forth in this Agreement, as between Plaintiff, on behalf of himself and the Class Members he represents, and Defendants, on the following terms and conditions:

## TERMS OF AGREEMENT

63.     **Stipulation for Conditional Certification of the California and FLSA Classes**. The Parties each stipulate and agree to the conditional certification of the California Class and the FLSA Class.  Should, for whatever reason, the Settlement not receive Final Approval, the Parties' stipulation to conditional certification shall become null and void ab initio and shall have no bearing on, and shall not be admissible in connection with, the issue of whether certification would be appropriate in a non-settlement context.  Defendants expressly reserve their rights and declare that they intend to oppose certification vigorously should this Settlement not become final.

64.     **Application for Preliminary Approval**.  Counsel for the Plaintiff shall request a hearing before the Court to seek Preliminary Approval of the Settlement on the earliest practical date.  In conjunction with such hearing, Plaintiff's Counsel will draft the Motion for Preliminary Approval, and supporting documents, consistent with the terms of this Agreement.  Plaintiff's Counsel shall provide a copy of the draft motion for Preliminary Approval to Defendants' Counsel

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                                  - 12 -                    SETTLEMENT AGREEMENT AND STIPULATION
                                                                            2:17-CV-01785-TLN-EFB

for review and approval ten (10) court days before filing it with the Court. Plaintiff's Counsel shall timely and properly file the Motion for Preliminary Approval with the Court, along with a copy of this Agreement and its exhibits, and any other documents necessary to implement the Settlement. Simultaneously with the filing of this Agreement, and solely for purposes of this Settlement, counsel for the Plaintiff will request that the Court enter a Preliminary Approval Order, substantially in the form of **Exhibit 3** attached hereto, preliminarily approving the proposed Settlement, conditionally certifying the California and FLSA Classes, appointing Plaintiff's Counsel as Class Counsel, appointing Plaintiff as the sole representative of the Class, and setting a date for the Final Approval Hearing. The Preliminary Approval Order shall also provide for the Notice Packet to be sent to Class Members as specified herein or as may otherwise be ordered by the Court.

65. **Procedures for Giving Notice to the Class Members**. The Parties agree to the following procedures for giving notice of this Settlement to the Class Members:

(a) Defendants will provide the Settlement Administrator with the Class Member List spreadsheet, which is in a format that is complete and ready to use by the Settlement Administrator within fifteen (15) business days following the date of the Preliminary Approval.

(b) The Settlement Administrator shall be responsible for:

(i) Updating Class Member addresses by way of a search of the National Change of Address database before mailing the Notice Packet to the Class Members, and performing skip traces as necessary upon the return of mail;

(ii) Obtaining a toll-free number and U.S. Post Office Box for all Class Member communications;

(iii) Creating and maintaining a website for Class Members that links to the Settlement Agreement, Notice, motions for approval and for attorneys' fees, and other important documents in the case;

(iv) Printing and mailing the Notice Packet to all Class Members as

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 13 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

directed by the Court;

(v)     E-mailing the Notice Packet to each Class Member's last known e-mail address, if provided in the Class Member List.

(vi)    Calculation of California and FLSA Individual Settlement Payments to be paid to Class Members in accordance with the methodology set forth in this Agreement and orders of the Court which estimated amount will be set forth in the Class Members' individualized Notices;

(vii)   Consulting with counsel for the Parties concerning any relevant issue, including (without limitation) the amounts of California and FLSA Individual Settlement Payments to be paid to each Settlement Class Member;

(viii)  Investigating, consulting with counsel for the Parties, and making determinations regarding any disputes raised by Class Members regarding the calculation of their California and FLSA Individual Settlement Payments;

(ix)    Receiving, reviewing, and keeping track of timely and proper Exclusion Letters submitted by California Class Members, and providing copies of each Exclusion Letter, to the Parties, as well as receiving, reviewing, and keeping track of timely submitted FLSA Claim Forms and reporting the number of such, and providing copies of such, to the Parties;

(x)     Distributing and paying the California Award, FLSA Award, and FLSA Individual Settlement Payments, the Enhancement Payment to Plaintiff, the Fee and Expense Award, Administration Costs, Employee Taxes, and Employer Taxes, as may be ordered by the Court or as otherwise necessary;

(xi)    Calculating the wage, interest and penalties portions of each

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                                    - 14 -                    SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

California and FLSA Individual Settlement Payment and preparing the necessary tax documents to remit to the appropriate governmental taxing authorities;

(xii)   Computing the Employer's Taxes and making all necessary payments and government filings in connection with such payments, which are included in the MSA;

(xiii)  Such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform, including responding to questions from Class Members or directing such questions to the Parties, as appropriate; and,

(xiv)   Preparing weekly status reports and declarations regarding the dissemination of the Notice Packet to the Class Members, skip traces, and performance of its duties.

66.     The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

67.     The Parties represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

68.     Prior to mailing the Notice Packet, the Settlement Administrator shall conduct a National Change of Address database search of the names contained in the Class Member List spreadsheet.

69.     Within ten (10) business days after receiving the Class Member List spreadsheet, the Settlement Administrator shall mail a copy of the Notice Packet in the form approved by the Court in its Preliminary Approval Order to all persons shown by Defendants' records to be Class Members, via e-mail (if provided on the Class Member List) and first-class U.S. mail, using the most current mailing address available either from Defendants' records and/or any more current address discovered from the Settlement Administrator's reasonable address searches.  Any Notice

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 15 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

1  Packets returned to the Settlement Administrator as undelivered and bearing a forwarding address

2  shall be re-mailed by the Settlement Administrator as soon as possible and within three (3) days

3  following receipt of the returned mail. For any Notice Packets returned to the Settlement

4  Administrator without a forwarding address, the Settlement Administrator shall conduct a

5  computer/SSN and "skip trace" search to obtain an updated address, and shall promptly re-mail the

6  Notice Packets to any newly-found address or addresses. The re-mailed Notice Packet shall be

7  identical to the original Notice Packet, but shall also include a brief letter stating that the recipient

8  of the Notice Packet has until the original deadline set forth on the notice or ten (10) days after re-

9  mailing of the Notice Packet to object or submit an Exclusion Letter. The Settlement Administrator

10  and counsel for the Parties shall undertake all reasonable efforts to locate the addresses of Class

11  Members and to send a Notice Packet to all Class Members. Any costs incurred by having the

12  Settlement Administrator handle these administrative tasks shall be included in the Administration

13  Costs to be deducted from the Maximum Settlement Amount.

14        70. Receipt of a Notice Packet will be presumed if the Notice Packet is not returned to

15  the Settlement Administrator as undeliverable.

16        71. **Procedure for Objecting to the Settlement**. The Parties agree that California

17  Class Members and persons purporting to act on behalf of California Class Members who wish to

18  object to the Settlement shall submit objections using the following procedures:

19        (a) The California Notice shall provide that only California Class Members may

20  object to the Settlement, and objections must be in writing. All written objections and

21  supporting papers must (a) clearly identify the case name and number (*Debi Mishra v.*

22  *Cognizant Technology Solutions U.S. Corporation, et al.,* Case No. 2:17-cv-01785 –TLN-

23  EFB), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United

24  States District Court for the Eastern District of California, Sacramento Courthouse, 501 "I"

25  Street, Sacramento, CA 95814, or by filing them in person at any location of the United

26  States District Court for the Eastern District of California, and (c) be filed or postmarked

27  on or before the Objection Deadline.

28        (b) California Class Members may also appear at the Final Approval Hearing,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 16 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

either in person or through their attorney. If they appear through their attorney, they are responsible for paying that attorney. No California Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any California Class Member shall be received or considered by the Court at the Final Approval Hearing, unless the written statement of objections and supporting materials are timely filed as set forth herein.

(c)     In addition to the written objections, if a California Class Member and/or his or her attorney wish to appear and be heard at the Final Approval Hearing, a Notice of Intention to Appear must be filed with the Court on or before the Objection Deadline. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. California Class Members who fail to timely submit written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appearance or otherwise) to the Settlement.

72.     **Procedure for Requesting Exclusion from the California Class**. The Parties agree that California Class Members who wish to be excluded from the California Class shall submit requests for exclusion using the following procedures:

(a)     California Class Members who wish to exclude themselves from the California Class must submit an Exclusion Letter and include their current address, telephone number, and the last four digits of their Social Security number. The Exclusion Letter must be signed, dated and returned to the Settlement Administrator at the address provided in the California Notice, postmarked no later than the Exclusion Deadline.

(b)     The date of the postmark on the Exclusion Letter envelope, or equivalent proof of mailing before the Exclusion Deadline, i.e., via FedEx, UPS, or certified mail, shall be the exclusive means used to determine whether a California Class Member has timely returned his/her Exclusion Letter on or before the Exclusion Deadline.

(c)     Any California Class Member who fails to submit a valid and timely

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 17 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

Exclusion Letter shall be bound by all terms of the Settlement and any Judgment entered in this Action if the Settlement is approved by the Court, regardless of whether s/he has objected to the Settlement.  California Class Members who have not excluded themselves and who properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense.

(d)      Persons who return a valid Exclusion Letter will not be eligible to receive the California Award and will not be deemed to have settled, released, or relinquished the Released California Claims; however, they may still choose to participate in the FLSA Class.

(e)      If a question is raised about the authenticity of a signed Exclusion Letter, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity.

(f)      If a California Class Member does not return an Exclusion Letter in the manner and by the deadline specified above, then he or she shall receive the California Award and shall be deemed to have expressly settled, released, and relinquished the Released California Claims as of the Effective Date.

(g)      If at any time before the Exclusion Deadline, a California Class Member submits an Exclusion Letter that is not signed, or fails to insert the last four digits of his/her Social Security number, the Settlement Administrator shall send a cure letter advising of the defect(s) and requesting that the defect(s) be cured within ten (10) days of the date of the letter in order to effectuate a valid exclusion from the Settlement.  The Settlement Administrator must mail the cure letter within five (5) days of receiving the Exclusion Letter.

(h)      If a California Class Member does not cure a defective Exclusion Letter within the time designated, the Settlement Administrator shall have no further obligation to give notice of a need to cure.  Such defective Exclusion Letter will be considered invalid. A California Class Member who submits an invalid letter will still receive his or her California Award and shall be deemed to have expressly settled, released, and relinquished

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 18 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

the Released California Claims as of the Effective Date.

(i)     If a California Class Member's Exclusion Letter is denied for any reason then such California Class Member will be notified of the basis for the denial by the Settlement Administrator.

(j)     No later than ten (10) days after the Exclusion Deadline, the Settlement Administrator will provide Counsel for the Parties a complete list of all California Class Members who have timely requested exclusion and a list of any denied/invalid Exclusion Letters.

73.     **Procedure for Opting into the FLSA Class**.  The Parties agree that the procedures for opting into the FLSA Class are as follows:

74.     The Settlement Administrator shall mail Notice Packets containing the FLSA Claim Form to Class Members.  The Settlement Administrator shall also provide for an online interface through which California Class Members and FLSA Class Members may timely electronically complete, sign, and submit an electronic version of the FLSA Claim Form to receive a respective FLSA Award or FLSA Individual Settlement Payment; the online interface must be capable of producing to the Settlement Administrator copies of the FLSA Claim Forms electronically completed, signed, and submitted such that the forms may be submitted to the Court in connection with the Motion for Final Approval.   To be effective and timely, an FLSA Claim Form must be postmarked, electronically submitted, or otherwise received by the Settlement Administrator within sixty (60) days from the initial mailing of the Notice Packet by the Settlement Administrator and include an actual or electronic signature in the designated area.  The Settlement Administrator shall (1) compile a list of all Class Members who timely submit an FLSA Claim Form, whether by mailing in the FLSA Claim Form or by using the online interface to electronically complete, sign, and submit to the Settlement Administrator an FLSA Claim Form, and (2) provide to the Parties copies of such FLSA Claim Forms (whether mailed or electronically completed) and the names of those individuals in a single, alphabetized list in electronic format for the Parties to submit to the Court as part of the process leading up to the Final Approval Hearing and Final Approval.

75.     All Class Members who timely submit an FLSA Claim Form, whether by mail or

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 19 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

1   online mechanism release the Released FLSA Claims, and are fully bound by the Settlement, except

2   to the extent they otherwise opt out of the California Class. The Settlement Administrator shall

3   distribute FLSA Awards to all California Class Members who are also part of the FLSA Class and

4   who also timely submit an FLSA Claim Form. California Class Members will only be deemed to

5   have consented to and expressly settled, released, and relinquished the Released FLSA Claims if

6   they timely submit an FLSA Claim Form.

7        76.    The Settlement Administrator shall also distribute FLSA Individual Settlement

8   Payments to all FLSA Class Members who are not California Class Members and who timely

9   submit an FLSA Claim Form. These FLSA Class Members will only be deemed to have consented

10   to and expressly settled, released, and relinquished the Released FLSA Claims if they timely submit

11   an FLSA Claim Form.

12        77.    **Procedure for Electing Electronic Payment in Lieu of Mailed Checks**.  The

13   Notice will inform Class Members that they can elect to receive their Individual Settlement

14   Payments electronically instead of by check by visiting the Settlement Administrator's website at

15   www._____.com and providing the relevant information needed to process the payments.

16   California Class Members shall be provided the option to select which payments they want to

17   receive electronically:  the California Award, the FLSA Award, or both.  The California Class

18   Member and FLSA Class Member web pages shall include the following disclosure:

19       Pursuant to the Settlement Agreement in the matter of *Debi Mishra v. Cognizant*

20       *Technology Solutions U.S. Corporation, et al.* (Case No. 2:17-cv-01785 –TLN-EFB),

21       available at [INSERT LINK], I understand that by electing to receive my FLSA Award or

22       FLSA Individual Settlement Payment by electronic payment, I am opting into the FLSA

23       Class and am agreeing to a full and complete release of the Released FLSA Claims as

24       defined in the Settlement Agreement.

25        78.    **Challenges/Disputes to Individual Workweeks**.  Class Members who wish to

26   challenge or dispute their California or FLSA Individual Workweeks, as shown in the Notice, may

27   notify the Settlement Administrator of their dispute and should produce any supporting information

28   and/or evidence available to them to support the dates he or she contends to have worked for

1   Defendants as a Class Member.  Defendants will review their records and provide information to

2   the Settlement Administrator and to Class Counsel in response to any such disputed claim.

3   Defendants' records will be presumed determinative, but the Settlement Administrator will

4   evaluate the evidence submitted by the Class Member, consult with the Parties, and make the

5   decision as to the correct calculation.  The determination by the Settlement Administrator will be

6   final and binding.  The Class Member will be notified in writing of the results of the disputed claim

7   by the Settlement Administrator as each disputed claim is resolved.

8       79.   **No Solicitation of Objections or Exclusions**.  The Parties agree to use their best

9   efforts to carry out the terms of this Settlement.  Neither the Parties nor their counsel nor their

10   agents will contact Class Members for the purpose of attempting to influence them not to participate

11   in this Settlement or to solicit or otherwise encourage Class Members or any other persons to submit

12   written objections to the Settlement, or encourage Class Members or any other person to appeal

13   from the Settlement Order and Judgment.

14               **FINAL APPROVAL AND JUDGMENT**

15       80.   **Final Approval Hearing**.  A Final Approval Hearing shall be held on a date set by

16   the Court.  The Plaintiff shall draft a Motion in Support of Final Approval of the Settlement.

17   Plaintiff's Counsel shall provide a copy of the draft motion for Final Approval to Defendants'

18   Counsel for review and approval ten (10) court days before filing it with the Court.  Class Counsel

19   shall timely and properly file the Motion in Support of Final Approval of the Settlement with the

20   Court, together with the Settlement Administrator's declaration detailing its efforts regarding the

21   provision of the California and FLSA Notices to the Class Members, due diligence in skip-tracing

22   bad addresses, re-mailing returned Notice Packets, and its duties and responsibilities pursuant to

23   the terms of this Settlement.  The Settlement Administrator's declaration must also include

24   information about the number of undeliverable Notice Packets, the number of California Class

25   Members who submitted proper and timely Exclusion Letters,  the number of California Class

26   Members who objected to the settlement, and the number of California Class Members and FLSA

27   Class Members who timely submitted an FLSA Claim Form, and it must also attach copies of all

28   timely FLSA Claim Forms received (redacted as appropriate).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                  - 21 -                SETTLEMENT AGREEMENT AND STIPULATION
                                                        2:17-CV-01785-TLN-EFB

81. **Motion Shall Seek the Fee and Expense Award, Enhancement Payment to Plaintiff, and Administration Costs**.  As part of the Motion for Final Approval or prior thereto as required by the Court by way of a separate motion to be heard at the Final Approval hearing,  in addition to approval of the Settlement generally, Class Counsel will seek approval of their Fees and Expenses, the Enhancement Payment to Plaintiff, and the Administration Costs.

82. **Settlement Order and Judgment**.  After or in conjunction with the Final Approval of the Settlement, the Parties shall obtain entry of a Settlement Order and Judgment.  It is expressly agreed by the Parties that the Court will retain jurisdiction to enforce the terms of this Agreement and the Settlement Order and Judgment.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION AND TERMINATION

83. **Nullification of Agreement**.

(a)     The Parties expressly agree that, if after receiving written notice from the Settlement Administrator and after the Exclusion Deadline, the number of California Class Members requesting exclusion from the Settlement equal or exceed ten percent (10%) of the total number of California Class Members to whom a Notice was mailed, then Defendants, in their sole discretion, may choose to reject and nullify the Settlement in its entirety.

(b)     The Parties expressly agree that if the Settlement does not receive Final Approval for any reason, including, but not limited to:

(i)     Defendants choose to reject and nullify the Settlement based on the number of requests for exclusion as set forth in section (a) above;

(ii)     the Court does not enter any order specified herein;

(iii)    the Court does not finally approve the Settlement as provided herein or as otherwise acceptable to the Parties; or

(iv)     the Court does not enter the Settlement Order and Judgment as provided herein, which becomes final as a result of the occurrence of

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 22 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

the Effective Date;

this Agreement shall be null and void ab initio and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by stipulation of the Parties. In such case, the Parties shall be returned to their respective positions as of the date immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed.

(c) In the event that a lesser sum is awarded for the Fees and Expense Award or the Enhancement Payment referenced above, the approval by the Court of any such lesser sum shall not be grounds for Plaintiffs and/or their counsel to terminate the settlement, but such an order shall be appealable by them. Any Fee and Expense Award amount or Enhancement Payment not awarded, but which is not challenged via appeal by Plaintiff and/or his counsel, shall be added to the Net Settlement Amount and distributed to the Settlement Class Members in accordance with the terms of the Settlement Agreement.

## PAYMENT OF THE MAXIMUM SETTLEMENT AMOUNT

84. **Consideration from Defendants**. In full settlement of the claims asserted herein and all Released California and FLSA Claims, Defendants shall pay the Maximum Settlement Amount consistent with the terms of this Agreement.

85. **Timing of Payment**. Defendants will deliver to the Settlement Administrator the Maximum Settlement Amount within ten (10) business days after the Effective Date.

86. After the totaling of the Court-approved (1) Fee and Expense Award; (2) Enhancement Payment to Plaintiff; (3) Employer's Taxes; and (4) Administration Costs, the remaining Net Settlement Amount shall be entirely distributed on a proportional basis to the Class Members in the manner described below. Following Defendants' payment of the Maximum Settlement Amount to the Settlement Administrator, such funds shall continue to be deemed the property of Defendants until such time as the funds shall be distributed to the Settlement Class Members pursuant to this Settlement Agreement and/or further order of the Court.

87. No withdrawals other than those specified herein shall be made from the Maximum Settlement Amount without prior Court approval.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 23 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

**INDIVIDUAL SETTLEMENT PAYMENTS**

88.    **Calculation of Individual Settlement Payments**.  Before computing the estimated Individual Settlement Payments to be paid, the Settlement Administrator shall calculate the Net Settlement Amount.  From the Net Settlement Amount, the Settlement Administrator will allocate 97.2% to the California Class Fund and 2.8% to the FLSA Class Fund.  Of the California Class Fund, 69.2% shall be used to calculate the California Award and 30.8% shall be used to calculate the FLSA Award.

89.    The minimum potential California Individual Settlement Payment for each California Class Member shall be calculated as follows:  the California Class Fund shall initially be divided by the total California Class Member Individual Workweeks to determine the per-workweek share.  Then, multiply the per-workweek share by each California Class Member's Individual Workweeks to determine each California Individual Settlement Payment.  69.2% of that amount shall be the minimum California Award listed on the California Notice and 30.8% of that amount shall be the minimum FLSA Award listed on the California Notice.

90.    To calculate the actual California Award for each California Settlement Class Member, the Settlement Administrator shall determine the number of California Settlement Class Members (i.e. California Class Members who have not timely submitted valid Exclusion Letters).  Then, 69.2% of the California Class Fund shall be divided by the Total California Settlement Class Member Individual Workweeks to determine the actual per-workweek share.  Then, the per-workweek share is multiplied by each California Settlement Class Member's Individual Workweeks to determine each California Settlement Class Member's California Award.

91.    To calculate the FLSA Award for California Class Members, 30.8% of the California Class Fund shall be divided by the Total FLSA Class Member Opt-In Individual Workweeks worked by the California Class Members to determine a per-workweek share.  Then, the per-workweek share is multiplied by the FLSA Class Member Opt-In Individual Workweeks of each California Class Member who submitted a timely FLSA Claim Form to determine each FLSA Award.

92.    The Settlement Administrator shall calculate the FLSA Individual Settlement

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 24 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

Payments of FLSA Class Members who are not California Class Members and who also submitted a timely FLSA Claim Form as follows:  The FLSA Class Fund shall be divided by the total FLSA Class Member Opt-In Individual Workweeks worked by all Class Members who are not California Class Members to determine the per-workweek share.  Then, the per-workweek share is multiplied by each FLSA Class Member's Opt-In Individual Workweeks to determine each FLSA Individual Settlement Payment for FLSA Class Members who are not California Class Members and who also submitted a timely FLSA Claim Form.  Estimated FLSA Individual Settlement Payments will follow the same calculation, only using FLSA Class Member's Individual Workweeks.  FLSA Class Members who are also California Class members will only be compensated from the California Class Fund to avoid double recovery.

93.     The Parties recognize and agree that the value of the claims alleged in this litigation are extremely difficult to determine with any certainty for any given year, or at all, and are potentially subject to myriad differing calculations and formulas.  The Parties agree that the method for allocating the Individual Settlement Payments to the Plaintiff and Class Members provided herein is reasonable and that the payments provided herein are designed to provide a fair settlement to such persons, in light of the uncertainties of the amounts alleged to be owed to the Class Members and the calculation of such amounts.

94.     **Taxes**.  The Parties agree that, for purposes of this Settlement, fifty percent (50%) of each California and FLSA Individual Settlement Payment shall be allocated to wages to be reported on IRS Form W-2 and from which payroll deductions will be made for state and federal withholding taxes or any other applicable payroll deductions.  The remaining fifty percent (50%) of each California and FLSA Individual Settlement Payment shall be deemed to represent the payment of alleged liquidated damages, interest, and penalties under applicable law which shall not be subject to federal, state and local payroll withholding taxes and will be reported on IRS Form 1099.  It shall be the responsibility of the Settlement Administrator or its designee, in coordination with Defendants as necessary, to timely and properly withhold from California and FLSA Individual Settlement Payments payable to Settlement Class Members all applicable federal, state and local income and employment taxes and to prepare and deliver the necessary tax documentation

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                                      - 25 -                    SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

for signature by all necessary parties and, thereafter, to cause the appropriate deposits of withholding taxes and informational and other tax return filing to occur.  Each Settlement Class Member's share of all applicable federal, state, and local income and employment taxes withheld and deposited with the applicable governmental authorities in accordance with this Agreement shall be a part of, and paid out of, the California and FLSA Individual Settlement Payments to each Settlement Class Member.

95.    The Settlement Administrator shall be responsible for reporting on IRS Forms W-2, 1099, or other appropriate tax reporting forms:  (1) all California and FLSA Individual Settlement Payments paid to Settlement Class Members required to be reported; (2) the Enhancement Payment paid to Plaintiff; (3) the Fee and Expense Award paid to Class Counsel; and the Employer's Taxes. The Settlement Administrator shall issue such forms to the respective Settlement Class Members, Plaintiff, Class Counsel, Defendants, and applicable government authorities.  The Settlement Administrator shall furnish to Defendants copies of the IRS Forms W-2, 1099, or other tax reporting forms provided to any Settlement Class Member, Plaintiff, and Class Counsel within thirty (30) days after each such form has been furnished to the payee shown thereon.

96.    Each Settlement Class Member shall cooperate with Defendants and provide documentation as requested to demonstrate such payment should any taxing authority challenge the allocation of California and FLSA Individual Settlement Payments.  The Parties acknowledge that Defendants and the Releasees make no representations as to the tax consequences or characterization of the nature of the payment made pursuant to this Agreement.

97.    The Employer Taxes shall be determined by the Settlement Administrator and paid from the Maximum Settlement Amount.

98.    **No Impact on Employee Benefits**.  No benefit, including but not limited to any ERISA plan such as a 401K, shall increase or accrue as a result of any payment made as a result of this Settlement.

99.    **Date of Distribution of the Net Settlement Amount**.  To allow time for all final payments calculated to be made by the Settlement Administrator, California and FLSA Individual Settlement Payments from the Net Settlement Amount will be distributed to the Settlement Class

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 26 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

Members within twenty (20) days after the Effective Date, but in no event shall any payment be made prior to or on the Effective Date.  Distributions of the Fee and Expense Award, Enhancement Payment, Administration Costs, and Employer's Taxes will occur as soon as reasonably practicable following receipt of the Settlement funds by the Settlement Administrator.  The Settlement Administrator's determination of eligibility for any California or FLSA Individual Settlement Payment under the terms of this Agreement shall be conclusive, final and binding on all Parties and all Settlement Class Members.

100.    If a Settlement Class Member's California Award, FLSA Award, or FLSA Individual Settlement Payment is returned to the Settlement Administrator, the Settlement Administrator will make reasonable efforts to re-mail it to the Settlement Class Member at his or her correct address.  It is expressly understood and agreed that the checks for payments to the Settlement Class Members will become void if not cashed within 180 days after mailing. Any funds from uncashed checks shall remain with the Settlement Administrator for another 180 days, and funds from such uncashed checks may be paid by the Settlement Administrator to any Settlement Class Member who appears and requests payment during this period.  Following expiration of this second 180-day period, any remaining unclaimed funds shall be sent to the applicable state unclaimed property fund unless a class member resides in California then such funds will go to the Department of Industrial Relations Unpaid Wage Fund.

101.    The Settlement Administrator shall mail a postcard and send an e-mail (if an address is available) to Settlement Class Members who have not cashed their California Award, FLSA Award, or FLSA Individual Settlement Payment checks sixty (60) days before the checks become void to remind them that if their checks are not cashed by the deadline, their checks will become void and shall be paid to the applicable state unclaimed property fund unless a class member resides in California then such funds will go to the Department of Industrial Relations Unpaid Wage Fund. The postcard and e-mail will advise Settlement Class Members of an opportunity to receive replacement checks.  The Settlement Administrator shall send a similar postcard and e-mail to Settlement Class Members thirty (30) days before their checks become void, as well.

102.    No person shall have any claim against Defendants, Defendants' Counsel, Plaintiff,

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 27 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

1   the Class Members, Plaintiff's Counsel or the Settlement Administrator based on mailings,

2   distributions and payments made in accordance with or pursuant to this Agreement.  This provision

3   excludes any claim that the Class Members may have under applicable law against Plaintiff,

4   Plaintiff's Counsel, Defendants, Defendants' Counsel or the Settlement Administrator for theft or

5   loss of any or all of the Individual Settlement Payments.  Neither the Parties nor the Settlement

6   Administrator are providing or shall be deemed to have provided tax advice of any kind to any

7   Class Member, to Plaintiff or to any other person or entity in connection with payments made

8   according to this Settlement Agreement.

9        103.   **Fee and Expense Award**.  Plaintiff's Counsel intends to request that the Court

10   award the Fee and Expense Award agreed by the Parties not to exceed twenty-five percent (25%)

11   of the MSA. as the Fee Award, in addition to reasonable actual expenses, not to exceed $45,000.00,

12   as the Expense Award.  The amounts paid in the Fee and Expense Award shall be for all claims for

13   attorneys' fees, expenses, and costs incurred in the Action by Class Counsel in the past, present, or

14   future.  Class Counsel shall not be permitted to petition the Court for, or accept, any additional

15   payments for fees, costs, and/or expenses except those fees, costs and/or expenses that Class

16   Counsel might incur in the event that Class Counsel appeals the Fee and Expense Award approved

17   by the Court, to the extent the total amount(s) sought by Class Counsel do not exceed those set

18   forth above for the Fee Award and Expense Award, respectively.  Defendants shall not oppose the

19   Fee and Expense request, or any appeal made by Class Counsel regarding the Fee and Expense

20   request, so long as it remains consistent with this Agreement.

21        104.   Plaintiff's Counsel is solely responsible for filing with the Court, as part of the

22   Motion for Final Approval, their request for the Fee and Expense Award.

23        105.   Payment of the Fee and Expense Award to Class Counsel shall constitute full

24   satisfaction of any obligation to pay any amounts to any person, attorney, or law firm for attorneys'

25   fees, expenses or costs in the Action incurred by any attorney on behalf of the Plaintiff or the

26   Settlement Class, and shall relieve the Releasees of any other claims or liability to any other

27   attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim

28   to be entitled on behalf of the Plaintiff and/or the Settlement Class.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2                                   - 28 -                    SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

106.   Should the Fee and Expense Award approved by the court be less than the amount sought, the difference shall be added to the Net Settlement Amount, subject to Plaintiff's Counsel right to appeal any such reduction.  Any such appeal shall not terminate or cancel this Agreement or otherwise affect the finality of the Final Approval or the releases set forth herein.

107.   Plaintiff's Counsel further represents that they are aware of no liens or other claims for attorneys' fees and costs asserted or reasonably capable of being asserted plausibly by any person or entity other than Plaintiff's Counsel.  Plaintiff and Plaintiff's Counsel agree to indemnify, defend, and hold harmless the Releasees against any liens or other claims for attorneys' fees and costs, purportedly incurred prior to Final Approval, that are or may be later asserted by any person or entity other than Plaintiff's Counsel.

108.   **Defendants' Legal Fees and Costs**.   Defendants' own legal fees, costs and expenses incurred in the Action shall be borne by Defendants, except for the Administration Costs incurred as part of the Settlement Administration tasks described above.

109.   **Enhancement Payment to Plaintiff**.  Plaintiff's Counsel intends to request that the Court approve an Enhancement Payment of Ten Thousand Dollars and no cents ($10,000.00) to Plaintiff for initiating this Action and acting as the Class Representative, for services provided in furtherance of this Action, the risks undertaken for payment of costs in the event this Action were unsuccessful, stigma, and a full release of claims, known or unknown, against the Releasees.  The Enhancement Payment paid under this Agreement shall be reported on IRS Form 1099 by the Settlement Administrator and provided to Plaintiff and applicable government authorities. Defendants will not object to the Enhancement Payment request in the amount set forth in this paragraph.

110.   Should the Enhancement Payment approved by the court be less than the amount sought, the difference shall be added to the Net Settlement Amount, subject to Plaintiff's right to appeal such reduction.  Defendants agree not to object to any appeal made by Plaintiff regarding a reduction of the Enhancement Payment.  Any such appeal shall not terminate or cancel this Agreement or otherwise affect the finality of the Final Approval or the releases set forth herein.

111.   The payment of the Enhancement Payment in no way prohibits Plaintiff's receipt of

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 29 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

California and FLSA Individual Settlement Payments as a Class Member.

112. **Administration Costs**. The Settlement Administrator estimated its services for administering the Settlement pursuant to the terms set forth in this Agreement to not exceed Thirty Thousand Dollars and no cents ($30,000.00).

113. **Notification and Certification by Settlement Administrator**. Following the initial mailing of the Notice Packet to the Settlement Class, the Settlement Administrator shall keep counsel for the Parties apprised on a weekly basis of the status of the delivery of Notice Packets, any dispute/challenges to the Individual Workweek information, and resolution of disputed claims, Exclusion Letters received, FLSA Claim Forms received, etc. Such information will be specifically set forth in the Settlement Administrator's declaration, which will be filed by Class Counsel with the Motion in Support of Final Approval of the Settlement. Following the 360-day deadline for Settlement Class Members to cash or otherwise claim their California and FLSA Individual Settlement Payments, the Settlement Administrator will submit a supplemental declaration detailing the payments made, the number of checks cashed, the number of payments processed electronically, and the number and total of all unclaimed amounts to be submitted to the applicable state unclaimed property fund. The declaration shall provide detail regarding the type of each payment claimed or unclaimed (i.e., California Award, FLSA Award, or FLSA Individual Settlement Payment) and the method by which each Settlement Class Member accepted payment (i.e., by check or electronically). Upon completion of administration of the Settlement, the Settlement Administrator shall provide written certification of such completion to counsel for the Parties.

## RELEASED CLAIMS

114. **Released Claims.** The California Notice will: (1) specifically set forth the Released California Claims and Released FLSA Claims; (2) inform California Class Members that each will be deemed to have expressly settled, released, and relinquished the Released California Claims as of the Effective Date if they do not return a valid Exclusion Letter or if they do not timely cure a defect in the Exclusion Letter following notification that a cure is required; and (3) inform Class Members that, by timely submitting the FLSA Claim Form, they will be deemed to have consented

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 30 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

to and expressly settled, released, and relinquished the Released FLSA Claims.

115. **General Release by Plaintiff**. The Enhancement Payment is also paid in consideration of Plaintiff providing Defendants the following general release of claims: Plaintiff (on his own behalf and on behalf of his heirs, beneficiaries, trustees, executors, administrators, assigns, agents, insurers, representatives, and successors) knowingly, voluntarily, irrevocably, and unconditionally fully and forever waives, releases, and discharges the Releasees from, and acknowledges full accord and satisfaction of, any and all debts, agreements, promises, liabilities, claims, damages, actions, causes of action, or demands of any kind or nature whatsoever (upon any legal or equitable theory, whether contractual, common law or statutory, under federal, state or local law or otherwise), whether known or unknown, asserted or unasserted, by reason of any act, omission, transaction, agreement or occurrence, that Plaintiff has ever had, now has, or hereafter may have against the Releasees arising out of or relating to Plaintiff's employment and/or any other event, act, occurrence or omission taking place on or before the date the Court grants Final Approval of this Settlement.

This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs relating or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein. Plaintiff expressly waives all rights and benefits accorded by California Civil Code Section 1542, which states as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**.

### ADDITIONAL MATTERS

116. **Publicity**. Plaintiff, Plaintiff's Counsel, Defendants, and Defendants' Counsel agree not to disparage each other. Any press release relating to this Settlement by Plaintiff or

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 31 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

Defendants (or their respective counsel) is subject to the approval and consent of Plaintiff's Counsel and Defendants' Counsel, respectively, and said approval and consent shall not be unreasonably withheld.  This paragraph is not intended to restrict the arguments of any party made in a Court filing in this Action.

117.  **Privacy of Documents and Information**.  At the request of Defendants, Plaintiff and Plaintiff's Counsel agree that they will return to Defendants any and all documents and information provided to them by Defendants in connection with this Action within thirty (30) days of the Effective Date, and that none of the documents and information provided by Defendants shall be used for any purpose other than prosecution of this Action.  Alternatively, Defendants may require that Plaintiff's Counsel certify that all such documents have been securely destroyed.

118.  **Exhibits, Headings, and Captions**.  The terms of this Agreement include the terms set forth herein and attached Exhibits 1-5, which are incorporated by this reference as though fully set forth herein.  The descriptive headings and captions contained in this Agreement are inserted for convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision thereof.

119.  **Interim Stay of Proceedings**.  Pending the Final Approval Hearing to be conducted by the Court, or earlier if for any reason the settlement contemplated by this Agreement will not occur, the Parties agree to continue and extend the stay of all proceedings in the Action, including all matters scheduled with the Court, except such proceedings as are necessary to implement and complete the Settlement, or to comply with any order of the Court until Final Approval.  Consistent with this Agreement, the Parties agree to promptly notify the Court that the Parties have reached a settlement and agree to a further stay of all proceedings.

120.  **Amendment or Modification**.  This Agreement may not be amended or modified in any respect except by a written instrument duly executed by all of the Parties to this Agreement or their counsel.

121.  **Entire Agreement**.  This Agreement constitutes the entire Agreement of the Parties with respect to the matters discussed herein, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 32 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

122. **Authorization to Enter into Settlement Agreement**. Each signatory to this Agreement hereby warrants and represents that he or she has the authority to execute this Agreement, thereby binding the respective party to take all appropriate action required or permitted to be taken by the Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel agree to cooperate with each other and to use their best efforts to effect the implementation of this Agreement.

123. **Binding Effect of the Agreement**. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, legal representatives, executors, administrators, agents, insurers, successors, and assigns.

124. **Choice of Law**. In determining the rights of the Parties hereto, this Agreement shall be governed by, construed, and interpreted in accordance with the laws of the state of California, without regard to the conflict of laws principles thereof.

125. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be an original, provided that counsel for the Parties shall exchange among themselves original signed counterparts. This Agreement is effective upon execution of at least one counterpart by each party to this Agreement.

126. **Representation by Counsel and Cooperation in Drafting**. The Parties acknowledge that they have been represented by counsel throughout all negotiations and in the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel. In addition, each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, any rule which construes ambiguities against the drafter shall have no force or effect.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 33 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

127.   **Inadmissibility of Settlement Agreement**.  If this Agreement does not become effective or is cancelled or terminated for any reason, it shall be deemed negotiation for settlement purposes only and will not be admissible in evidence or usable for any purpose whatsoever in the Action or any proceedings between the Parties except in connection with enforcing its terms. Whether or not the Settlement is finally approved, neither the Settlement, nor any of its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

128.   **Invalidity of Any Provision**.  If any provision of this Agreement is held to be invalid, void, or unenforceable, the remaining provisions nevertheless shall continue in full force and effect.

129.   **Plaintiff's Waiver of Right to be Excluded and Object**.  By signing this Agreement, Plaintiff agrees to be bound by the terms herein, not to request to be excluded from the Settlement Class, and not to object to any of the terms of this Agreement.  Any such request for exclusion or objection by the Plaintiff shall therefore be void and of no force or effect.

130.   **Terminology and Construction**.  All personal pronouns used in this Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

131.   **Notices**.  Any notices or other documents that must or may be transmitted to Plaintiff's Counsel and/or Defendants' Counsel, pursuant to any section of this Agreement, shall be transmitted to each of the following:

| For Documents to Defendants' Counsel: |
| --- |
| Julie A. Totten<br>Katie E. Briscoe<br>Orrick, Herrington & Sutcliffe LLP<br>400 Capitol Mall<br>Suite 3000<br>Sacramento, California 95814<br>Telephone:     916.329.4908 |

Facsimile:    916.329.4900
jatotten@orrick.com
kbriscoe@orrick.com

**For Documents to Plaintiff's Counsel:**

John T. Stralen
Joshua H. Watson
Clayeo C. Arnold, APC
865 Howe Avenue
Sacramento, CA 95825
Telephone:    (916) 777-7777
Facsimile:     (916) 924-1829
jstralen@justice4you.com
jwatson@justice4you.com

132.    The Parties and all counsel acknowledge and agree that for the purposes of any

claims, actions, and/or proceedings arising out of this Agreement, notice provided to Plaintiff's

Counsel shall be deemed to be notice to the Plaintiff.

Dated: May \_\_\_, 2020                    _Debi Prasad Mishra_____

                                                        DEBI MISHRA
                                                        Plaintiff


Dated: May \_\_\_, 2020                    _____

                                                        JOHN T. STRALEN
                                                        JOSHUA H. WATSON
                                                        CLAYEO C. ARNOLD, APC
                                                        Attorneys for Plaintiff DEBI MISHRA


Dated: May \_\_\_, 2020

                                                        _____
                                                        JACOB HILL, CHIEF COUNSEL – GLOBAL
                                                        LITIGATION
                                                        FOR DEFENDANTS COGNIZANT
                                                        TECHNOLOGY SOLUTIONS U.S.
                                                        CORPORATION, COGNIZANT
                                                        TECHNOLOGY SOLUTIONS
                                                        CORPORATION


Dated: May \_\_\_, 2020

                                                        _____
                                                        JULIE A. TOTTEN
                                                        ORRICK, HERRINGTON & SUTCLIFFE
                                                        LLP
                                                        Attorneys for Defendants

4129-4366-8260.2

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

| | |
|---|---|
| Facsimile:     916.329.4900 | |
| jatotten@orrick.com | |
| kbriscoe@orrick.com | |
| **For Documents to Plaintiff's Counsel:** | |
| John T. Stralen | |
| Joshua H. Watson | |
| Clayeo C. Arnold, APC | |
| 865 Howe Avenue | |
| Sacramento, CA 95825 | |
| Telephone:     (916) 777-7777 | |
| Facsimile:     (916) 924-1829 | |
| jstralen@justice4you.com | |
| jwatson@justice4you.com | |

132.    The Parties and all counsel acknowledge and agree that for the purposes of any claims, actions, and/or proceedings arising out of this Agreement, notice provided to Plaintiff's Counsel shall be deemed to be notice to the Plaintiff.

Dated: May ___, 2020

_____
DEBI MISHRA
Plaintiff

Dated: May _11_, 2020

_____
JOHN T. STRALEN
JOSHUA H. WATSON
CLAYEO C. ARNOLD, APC
Attorneys for Plaintiff DEBI MISHRA

Dated: May ___, 2020

_____
JACOB HILL, CHIEF COUNSEL – GLOBAL LITIGATION
FOR DEFENDANTS COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION

Dated: May ___, 2020

_____
JULIE A. TOTTEN
ORRICK, HERRINGTON & SUTCLIFFE LLP
Attorneys for Defendants

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 35 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB

| | |
|---|---|
| Facsimile:  916.329.4900<br>jatotten@orrick.com<br>kbriscoe@orrick.com | |
| **For Documents to Plaintiff's Counsel:** | |
| John T. Stralen<br>Joshua H. Watson<br>Clayeo C. Arnold, APC<br>865 Howe Avenue<br>Sacramento, CA 95825<br>Telephone:  (916) 777-7777<br>Facsimile:  (916) 924-1829<br>jstralen@justice4you.com<br>jwatson@justice4you.com | |

132.   The Parties and all counsel acknowledge and agree that for the purposes of any claims, actions, and/or proceedings arising out of this Agreement, notice provided to Plaintiff's Counsel shall be deemed to be notice to the Plaintiff.

Dated: May ___, 2020

_____
DEBI MISHRA
Plaintiff

Dated: May ___, 2020

_____
JOHN T. STRALEN
JOSHUA H. WATSON
CLAYEO C. ARNOLD, APC
Attorneys for Plaintiff DEBI MISHRA

11/11/2020

Dated: May ___, 2020

_Jacob Hill_
_____
JACOB HILL, CHIEF COUNSEL – GLOBAL LITIGATION
FOR DEFENDANTS COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION

11/11/2020

Dated: May ___, 2020

_Julie Totten_
_____
JULIE A. TOTTEN
ORRICK, HERRINGTON & SUTCLIFFE LLP
Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COGNIZANT TECHNOLOGY SOLUTIONS
U.S. CORPORATION, COGNIZANT
TECHNOLOGY SOLUTIONS
CORPORATION

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4129-4366-8260.2

- 36 -

SETTLEMENT AGREEMENT AND STIPULATION
2:17-CV-01785-TLN-EFB