UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBI MISHRA, individually and on behalf of all those similarly situated,<br><br>Real Party in Interest,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01785-TLN-JDP<br><br>**ORDER** |

This matter was before the Court on November 12, 2020, with Joshua H. Watson and John T. Stralen of Clayeo C. Arnold, APC, appearing as counsel for representative Plaintiff Debi Mishra ("Plaintiff"), individually and on behalf of putative classes, and Julie A. Totten and Katie E. Briscoe of Orrick, Herrington & Sutcliffe LLP, appearing as counsel for Defendants Cognizant Technology Solutions U.S. Corporation and Cognizant Technology Solutions (collectively, "Cognizant" or "Defendants"). The Court has carefully considered the briefs, arguments of counsel, and all matters presented to the Court.

///

///

1

Accordingly, the following is hereby ORDERED:

1. This Order incorporates by reference the definitions in the Settlement Agreement ("Settlement" or "Settlement Agreement") as though fully set forth herein, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the claims of the Class Members asserted in this proceeding, personal jurisdiction over Plaintiff and Defendants and the Class Members as defined in the Settlement Agreement, and subject matter jurisdiction to approve the Settlement.

3. The Court hereby approves the settlement terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216.

4. This Court previously conditionally certified the California and FLSA Classes for settlement purposes. The Court hereby grants final certification approval, for settlement purposes, to the Classes, consisting of:

> California Class: All current and former employees of Defendants who were eligible to receive Tru Up payments while employed in California at any time during the California Class Period.

> FLSA Class: All current and former employees of Defendants who were eligible to receive Tru Up payments at any time during the FLSA Class Period who have opted into this litigation pursuant to the Settlement Agreement. All members of the FLSA Class are identified on Schedule A to this Order.

5. Notice given to the Class Members was reasonably calculated under the circumstances to apprise the Classes of the pendency of this class action, of all material elements of the proposed Settlement, and of their opportunity to exclude ("California Class") or include ("FLSA Class") themselves from, object to, or comment on the Settlement and to appear at the Final Approval Hearing. The notice was reasonable and was the best notice practicable under the circumstances. A reasonable opportunity has been afforded to the Class Members to participate in this Final Approval hearing. Accordingly, this Court hereby finds that the Notice program described in the Settlement Agreement and completed by the Settlement Administrator complied

fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

6. All Settlement Class Members are bound by this Settlement Order and Judgment and by the Settlement embodied therein, including the Releases provided for in the Settlement and this Settlement Order and Judgment. As of the Effective Date of Settlement, by operation of the entry of this Settlement Order and Judgment, each member of the Settlement Class Members, including Plaintiff, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, his or her respective Released California Claims ("California Settlement Class") and/or Released FLSA Claims ("FLSA Class") that he or she may have against the Releasees.

7. <u>Release of California Claims</u>:  The California Settlement Class Members (expressly excluding any California Class Members who submitted a valid and timely Exclusion Letter) shall be deemed to have, and by operation of the Judgment shall have fully and finally released the Releasees (as defined in the Settlement Agreement) of any and all claims under the wage and hour laws and regulations of the state of California that were or could have been asserted based on the conduct alleged in the First Amended Complaint or in any complaints in this action preceding said First Amended Complaint, including, but not limited to, violation of all statutes mentioned in the First Amended Complaint and corresponding provisions of the relevant California Wage Order based on the conduct alleged in the First Amended Complaint or in any complaints in this action preceding said First Amended Complaint, including but not limited to California Labor Code §§ 201–203, 204, 206, 210, 218.5, 218.6, 226, 226.3, 510, 558, 1174, 1194, 1198, and 2698, et seq. (the Labor Code Private Attorneys General Act ["PAGA"]), and California Business and Professions Code §§ 17200, et seq., based on claims for: (1) overtime (including but not limited to regular rate calculations); (2) minimum wage (3) meal periods; (4) rest breaks; (5) wage statements; (6) final pay; (7) waiting time penalties; (8) restitution; (9) PAGA penalties; (10) interest; (11) costs and attorneys' fees, costs and expenses; and (12) declaratory relief; and any and all California state common law claims, based on the misconduct alleged in the First Amended Complaint (or preceding complaints in this action) or

1   those that could have been asserted based on the conduct alleged, including but not limited to
2   claims for fees and costs, conversion, liquidated damages, punitive damages, civil penalties,
3   equitable remedies, and/or pre- or post-judgment, at any time through Preliminary Approval.

4         8.      <u>Release of FLSA Claims</u>.  The FLSA Class Members (expressly excluding any
5   Class Members who did not accept payment of the FLSA Award [for California Settlement Class
6   Members] or the FLSA Individual Settlement Payment) shall be deemed to have, and by
7   operation of the Judgment shall have, fully and finally released the Releasees (as defined in the
8   Settlement Agreement) of any and all claims that were asserted in the First Amended Complaint
9   or that could have been asserted based on the conduct alleged in the First Amended Complaint, or
10  in any complaints in this action preceding said First Amended Complaint, for any of the
11  following based on the conduct alleged in the First Amended Complaint or in any complaints in
12  this action preceding the First Amended Complaint: non-payment of wages, minimum wages,
13  overtime wages (including, but not limited to regular rate calculations), or any other wage-related
14  or recordkeeping-related claims; liquidated damages; attorneys' fees, costs and expenses; pre- and
15  post-judgment interest; or damages or relief of any kind arising from the allegation that Class
16  Members were not properly compensated for all time worked on a daily, weekly, or monthly
17  basis, including, but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and
18  related regulations (including, but not limited to, 29 C.F.R. §§ 778.106, 778.108, 778.109,
19  778.207, 778.316, 778.317, 778.500, 778.502), and any other similar state or federal law, at any
20  time through Preliminary Approval.

21        9.      Neither this Settlement nor this Settlement Order and Judgment is an admission of
22  liability, fault, or wrongdoing by Defendants, or any of the Releasees, nor a finding of the validity
23  of any claims in the Action or any violation of law.  Neither this Settlement Order and Judgment,
24  the Settlement, nor any document referred to herein, nor any action taken to carry out the
25  Settlement is, may be construed as, or may be used as, an admission or concession by or against
26  Defendants, or any of the Releasees, of any fault, wrongdoing, or liability whatsoever.  Neither
27  this Final Approval Order and Judgment, any term or provision of the Settlement, nor any of the
28  negotiations or proceedings connected with it, shall be offered or received in evidence in any

pending or future civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the Settlement; however, Defendants or any Releasee may use the Settlement and/or any related document, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, accord and satisfaction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court hereby finds the Individual Settlement Payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

11. For the reasons set forth in the current Motion for Final Approval of Class Action Settlement (including Class Counsel's request for a Fee and Expense Award), Class Counsel's requests for a Fee Award in the amount of $1,431,500.00, and reasonable actual expenses $24,040.00, as the Expense Award, are hereby granted pursuant to California law because Class Counsel's requests fall within the range of reasonableness, the result achieved justified the award, and the expenses were reasonably incurred.

12. For the reasons set forth in the current Motion for Final Approval of Class Action Settlement, Plaintiff's request for Enhancement Payment in the amount of $10,000.00 is hereby granted.

13. The request for Administration Costs in the amount of $28,816.20 is hereby granted and shall be paid to the Settlement Administrator, ILYM Group, Inc., pursuant to the terms of the Settlement Agreement.

14. No other costs, fees or other relief shall be awarded, either against Defendants or related persons or entities, as defined in the Settlement Agreement, or from the award to the Settlement Class Members.

15. Pursuant to the terms of the Settlement Agreement, the instant action is dismissed with prejudice, subject to Paragraph 16 below.

16. Without affecting the finality of this Settlement Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendants and Settlement Class Members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefit of the Parties.

17. Judgment is entered in accordance with the findings in this Order. This Judgment is the Final Judgment in the suit as to all Settlement Class Members. The Court finds that there is no just reason for delay and expressly directs the Clerk of the Court to enter Judgment immediately.

IT IS SO ORDERED.

DATED: January 13, 2021

_____
Troy L. Nunley
United States District Judge